UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


----------------------------X
                            :
ANTHONY CHARLOT, et al.,    :
                            :      12-CV-4543 (KAM)(VMS)
          Plaintiff,        :
                            :      September 10, 2013
                            :
          V.                :      Brooklyn, New York
                            :
ECOLAB, INC.,               :
                            :
          Defendant.        :
----------------------------X


TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          MICHAEL SWEENEY, ESQ.
                            ARTEMIO GUERRA, ESQ.
                            MOLLY BROOKS, ESQ.

For the Defendant:          SHIRLEY LERNER, ESQ.
                            ANDREW VOSS, ESQ.
                            SUSAN SITZKE, ESQ.
                            JEFFREY BRECHER, ESQ.



Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            102 Sparrow Ridge Road
                            Carmel, NY 10512
                            (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

```
1              THE COURT:  Charlot v. Ecolab, 12-CV-4543.

2              For plaintiff?

3              MR. SWEENEY:  Mike Sweeney of Getman &

4   Sweeney for plaintiffs.

5              MR. GUERRA:  Artemio Guerra, Getman &

6   Sweeney, for plaintiffs.

7              MS. BROOKS:  This is Molly Brooks from

8   Outten & Golden, for plaintiffs.

9              MS. LERNER:  For Ecolab, we have Littler

10  Mendelson and Jackson Lewis on the call.  From Littler

11  Mendelson, it's Shirley Lerner, Andrew Voss, Susan

12  Sitzke.

13             THE COURT:  So I heard Andrew Voss.  Who

14  else?

15             MS. LERNER:  Shirley Lerner.

16             THE COURT:  Okay.

17             MS. LERNER:  Also Susan Sitzke.

18             THE COURT:  Susan -- and how do you spell

19  the last name?

20             MS. LERNER:  S-i-t-z-k-e.

21             THE COURT:  Okay.

22             MS. LERNER:  And then from Jackson Lewis,

23  who also represents Ecolab, is Jeff Brecher.

24             THE COURT:  Okay.

25             MR. BRECHER:  Good morning, your Honor.
```

1          THE COURT:  Good morning.  So this is really

2     a status conference for you to let me know what's going

3     on in the case.  So who wants to go first?

4          MR. SWEENEY:  This is Mike Sweeney for the

5     plaintiffs, your Honor.

6          THE COURT:  I'm sorry, I have a new old

7     phone and I've turned the volume up as high as I can

8     but it's hard to hear, so if you don't mind projecting.

9          MR. SWEENEY:  I'll speak up.  How's this?

10          THE COURT:  That's better, thank you.

11          MR. SWEENEY:  Okay.  Your Honor, just to

12     give you some background, this is a case about whether

13     certain Ecolab employees, the route managers, are mis-

14     classified employees.

15          THE COURT:  Yes.

16          MR. SWEENEY:  Although the case was pled as

17     a Fair Labor Standards Act collective action and a Rule

18     23 class action in New York and New Jersey, the parties

19     stipulated to a case management plan that allows for

20     summary judgment motions on Ecolab's two defenses to

21     mis-classification just for the three names plaintiffs,

22     Charlot, Remache and Tejada.  We agreed to do that on

23     an expedited basis, and the agreement was that once

24     those issues were resolved, the parties would be able

25     to address certification issues, if appropriate.

1          The parties amended the case management plan

2   once and currently, discovery is due to be completed by

3   October 1st.  So far, the parties have completed initial

4   written discovery; they have both propounded and

5   answered.  Ecolab has taken the deposition of each of

6   the three plaintiffs.

7          THE COURT:  Okay.

8          MR. SWEENEY:  And plaintiffs have conducted

9   (ui) depositions.

10          THE COURT:  I'm sorry, I think the phone

11   problem is really on my end.  So paper discovery, three

12   plaintiff depositions and?

13          MR. SWEENEY:  The 30(b)(6) deposition of the

14   defendant.

15          THE COURT:  Okay.

16          MR. SWEENEY:  There's still some issues

17   outstanding with respect to discovery from the initial

18   request, but both parties have issued post-deposition

19   discovery, I think in the hope of kind of narrowing the

20   outstanding discovery.  Plaintiffs will respond by the

21   deadline of October 1st and produce any relevant

22   materials.  Defendant's response is due on October 1st

23   as well.  Plaintiffs have requested that defendants

24   raise any objections to the discovery before October

25   1st, so we can try to work out any issues and actually

1  receive the discovery when it's due on the 1st.

2  THE COURT:  Right.

3  MR. SWEENEY:  In a telephone conversation

4  yesterday, defense counsel Ms. Lerner indicated that

5  she would consider the request but was not able to give

6  an answer by today.

7  The last outstanding piece of this is expert

8  discovery.  And under the case management plan, expert

9  discovery is to be completed by October 1st.  Defendants

10  identified two experts on September 5th, which was

11  consistent with the amended case management plan.

12  Under the plan, the reports are due on September 15th.

13  Given that the 15th is a Sunday, plaintiffs are willing

14  to receive those reports by noon on September 16th, the

15  Monday.

16  THE COURT:  Okay.

17  MR. SWEENEY:  And then defendants have made

18  the experts available for deposition on September 26th

19  in San Francisco and October 4th in Houston, Texas, for

20  the two plaintiffs who work in New York and one in

21  Pennsylvania and New Jersey.  Nevertheless, plaintiffs

22  have agreed to those dates.

23  THE COURT:  And also in those cities.

24  MR. SWEENEY:  We have agreed that we'll

25  either taken them in person in the cities or defendants

1   have kindly offered to set up video conferencing, so we

2   may well do it by video conference.

3              THE COURT:  Okay.

4              MR. SWEENEY:  I think that's where we stand.

5              THE COURT:  So it seems that the only thing

6   that might be a bit of a hiccup on your current

7   schedule is if there's a problem -- basically, the

8   question that was asked, if folks could identify the

9   objections before the October 1st deadline, right,

10  because if you find out on October 1st there's a

11  problem, then what's the proposal for what will happen

12  then?

13             MS. LERNER:  Your Honor, if I could just

14  address a couple of points.  I think Mr. Sweeney for

15  the most part accurately set forth where we're at in

16  terms of discovery here, except a couple of small

17  points.  In terms of us asking us to identify

18  objections prior to October 1st, there is also

19  outstanding discovery from Ecolab to the plaintiffs.

20  If there's any expectation that we're going to identify

21  our objections prior to October 1st, I would say that

22  that should of course be for both parties.

23             But more importantly, I frankly think it's

24  unworkable.  I've looked over -- after receiving Mr.

25  Sweeney's request yesterday to have early objections,

1  went more carefully over the written discovery, and it

2  is extraordinarily burdensome and complicated.  And the

3  idea that I would be able to provide objections and

4  that we would have them worked out and answers provided

5  in the next twenty days, I don't honestly think is

6  workable.

7              So I would suggest that we perhaps follow

8  the ordinary course, which is both sides will provide

9  their objections and responses by October 1st, as

10  provided for under the rules, and then both parties

11  will determine whether they're going to accept those

12  objections or whether they're going to try and work out

13  a compromise, and then whether motion practice is

14  necessary to work out those disputes.  I don't believe

15  that we'll be able to expedite beyond that.

16              Also, I do want to point out that Mr.

17  Sweeney noted that the experts' reports are due by noon

18  on the 16th.  I do not in fact believe that's accurate.

19  The parties entered into a stipulated case management -

20  - amended case management plan to have the reports due

21  on September 15th, which is Sunday.  And it is my

22  understanding from the rules that that then makes the

23  reports due by end of the day on the 16th, not by noon.

24  We will of course do everything we can to have those

25  reports provided as soon as possible but we're already

1  on a very expedited schedule and to expect us to have

2  them by noon on the 16th is not necessarily realistic,

3  nor is it required under the rules.

4  MR. SWEENEY:  Your Honor, may I respond?

5  This is Mike Sweeney.

6  THE COURT:  Yes.

7  MR. SWEENEY:  With respect to identifying

8  the objections, I appreciate what Ms. Leaner said,

9  although the discovery that's out there is discovery

10  that is post-deposition discovery, and plaintiffs

11  clearly made an effort in that discovery to try and

12  narrow the previous request to address Ecolab's

13  objections.  There may well be additional objections

14  but I can't imagine they don't know what they are.  The

15  discovery is not something that -- most of it, that we

16  haven't asked for before.

17  And by getting the objections out front, it

18  just makes the process move quicker.  There's no reason

19  certainly to wait until October 1st.  That's just going

20  to slow the case down.  Plaintiffs are happy to raise

21  any objections we have with respect to the discovery

22  that they propounded shortly, by the end of the week.

23  MS. LERNER:  I do not have --

24  THE COURT:  I can only hear one person at a

25  time, so are you finished, Mr. Sweeney?  Go ahead.

1          MR. SWEENEY:  I wasn't finished with all the

2   points but perhaps let me just address the other two.

3   With respect to the 16th, we'll be deposing the person

4   ten days later but we're fine getting the report at the

5   end of the day on the 16th, so I can take that issue off

6   the table.

7          The one other issue that I would raise is

8   that we have asked the defendants to expedite written

9   discovery on the experts.  We intend to have that

10  written discovery to them by tomorrow.  Given that we

11  have the depositions set for the 26th, we'd like that

12  discovery expedite, to insure that we have all the

13  discovery necessary to make the depositions effective.

14          THE COURT:  I'm sorry, I lost you on that.

15  You want written discovery related to the expert

16  expedite?

17          MR. SWEENEY:  Yeah.  You know, it's fairly

18  basic discovery with the experts.

19          THE COURT:  Okay.

20          MR. SWEENEY:  We have to depose them on the

21  26th and the 4th.  We'll propound written discovery

22  tomorrow.  We'd like to have expedited responses to

23  that, just to make sure that we have the information

24  for the depositions.

25          MS. LERNER:  Your Honor, if I could respond.

1   I am actually taken aback a little bit by the idea that

2   we're now going to get a third set of discovery that

3   won't be due under the rules until about two weeks

4   after the agreed-upon close of discovery.  And not only

5   -- any discovery should have been served by thirty days

6   before October 1st.  So I don't know what basis there is

7   for propounding a third set of discovery tomorrow.  And

8   certainly I cannot waive my client's right to take a

9   reasonable amount of time to respond to that written

10  discovery.

11              THE COURT:  All right.

12              MS. LERNER:  Similarly, I have no authority

13  to waive my client's right to the reasonable amount of

14  time provided for under the rules to provide objections

15  to the second set of written discovery.

16              THE COURT:  Let's talk about -- what is the

17  expert -- what kind of discovery are we talking about

18  for these experts?

19              MR. SWEENEY:  It's going to be fairly

20  straightforward discovery.  We're going to want to know

21  where they testified before.

22              THE COURT:  Why isn't this included in the

23  report?  Isn't this the kind of disclosure that you

24  should get anyway?  So why is it under the rubric of

25  discovery requests rather than the kind of information

1  that should be included in a report?

2          MR. SWEENEY:  The amount of fees -- we've

3  seen his report before.  It doesn't include all the

4  discovery that we would want.  It's not a lot.  Going

5  back, Ms. Lerner's question as to why we didn't

6  propound this thirty days ago -- the reason is, they

7  didn't identify the witnesses until last Thursday, so

8  we could not.  It was impossible to have propounded it

9  thirty days ago.

10          But it's going to be expert discovery.  It's

11  not a new set of discovery going to the class in any

12  way.  We're just trying to get fair information with

13  respect to the expert, so that we can conduct an

14  effective deposition.

15          THE COURT:  From the defendants, I don't

16  really understand the objection, given what Mr. Sweeney

17  said, which seems to be consistent -- you agree, you

18  just told them about who the expert is, so how were

19  they supposed to do something before that?  It's hard

20  to talk about this in the abstract.

21          It seems plaintiffs should issue whatever

22  your request is this information and to the extent it's

23  reasonable, defendants should respond so that they can

24  have these depositions done in a timely way.  I don't

25  know what's unusual, from the two things he's mentioned

1    about it, so it's not something that anyone should have

2    to sit around to think about all that much.  If you

3    have it, provide it.  If you don't have it, don't

4    provide it, but do it before the depositions.

5              Let's go back to what seems to be the more

6    substantive question, this point about the post-

7    deposition discovery.  What I heard from defendants'

8    counsel is that it's complicated and burdensome.  What

9    is it?  There are two issues.  One is, what is it that

10   is complicated or burdensome?  I'm asking that as a

11   broad question.  I understand you haven't had lots of

12   time to go over it.  Because that doesn't seem like

13   something that should be happening now, given what this

14   schedule is about and how focused this discovery is

15   supposed to be.

16             And the other is this timing question,

17   because if you're only objecting -- if you're objecting

18   by October 1st, that just leaves you looking at your --

19   I think it's the June 7th order or that you submitted

20   June 7th.  It's not practical to get the discovery done

21   by then if there's going to need to be followup on

22   that.

23             The procedural question is, are you talking

24   about just making objections but providing everything

25   that you don't object to, or just the objections on

1  October 1st?  So let's hear from defendants' counsel on

2  that.

3  MS. LERNER:  I would expect to provide

4  objections on October 1st as well as responses --

5  documents that we don't object to.  A great deal of the

6  requests, as I read them, and I think maybe Mr. Sweeney

7  has agreed to that, are simply I believe restating

8  questions, sometimes making them broader, sometimes

9  narrower, that were already propounded in the first set

10  of discovery.

11  Again, talking in the abstract, I don't know

12  what more of what different things he's expecting to

13  get.  So I just feel like I'll be making the same

14  objections in large part that we previously made, and

15  we'll have, I believe, many of the same disputes that

16  we're going to have about the first set of written

17  discovery.

18  MR. SWEENEY:  May I respond, your Honor?

19  This is Mike Sweeney.

20  THE COURT:  Yes.

21  MR. SWEENEY:  This may be helpful.  With

22  respect to initial discovery requests, we went back and

23  forth on those.  And right before the depositions, we

24  had written to defense counsel saying it hadn't

25  produced all the discovery, and we had a number of

1    calls.  And in them, we agreed that we would try to

2    reduce -- we'd try to focus the discovery.  Indeed, we

3    were promised a stipulation and we were promised other

4    things that would come out of the testimony.

5           So we did that.  We took the testimony and

6    we took the requests that were there, but it was never

7    resolved whether or not those things should be produced

8    or not, or the objections were not resolved because

9    there was an agreement that we would try to narrow

10   them, and we stepped out and narrowed them.

11          So for instance, we'd asked for a list --

12   one of the issues here is whether or not these people

13   are outside sales people.  They have -- for each other

14   people's routes, they have a lease, in which the

15   customer and the Ecolab sales person has signed them,

16   and we had asked for all those leases so that we can

17   see if indeed our clients, who they're claiming to

18   sales people, are people that signed the lease.

19          We've been told that they cannot get those

20   or they're going to check into them but they don't

21   think they can get them, they can't find them all.

22   That's fine.  If they're not going to produce them --

23   we think they're relevant.  If they think they can't, I

24   think it's an issue that should come to the Court.

25   It's not a new issue.  It's one that they've thought

```
1   about or we discussed before.

2              Indeed, as Ms. Lerner just said, most of the

3   stuff, they've objected to before, and there's been an

4   effort to narrow it.  If the objection is the same,

5   that's okay, but at least it gives us a basis to first

6   try to work it out quickly and if not, come to your

7   Honor and have you work out those issues that we can't

8   resolve.  But there's nothing new here.

9              MS. LERNER:  I don't know that there's

10  nothing new here.  As I said, some of the requests are

11  actually broader and some of them are narrower, but

12  they are better defined than the first set of

13  discovery, for the most part.  We have already made

14  many of the objections.

15             Quite frankly, between now and October 1st, I

16  just don't know that we're going to get meaningful

17  objections out that will expedite discovery any more so

18  than if I am allowed, as I am allowed under the rules,

19  to put in thoughtful objections and truly dig in to see

20  how much we can provide or not in response to the

21  discovery.

22             THE COURT:  All right, this is what we're

23  going to do here:  Since you all haven't worked through

24  this and I can't really contribute that much to this,

25  by 10/1, which is your date, you should serve --
```

1    whoever needs to give each other objections, do that.

2    So that's by 10/1/13.  By 10/8, you need to have a meet

3    and confer.  I don't care if you do it on the phone or

4    not.  But you need to have your own detailed

5    conversation about what you're going to do and if you

6    can work this out.

7            Whatever is left over after that that you

8    can't work out, I want a joint letter by 10/11 that

9    tells me whatever it is that is outstanding, that you

10   object about and need to have resolved.  On 10/17 at

11   11:30, we will have a telephone call to talk about

12   whatever it is that you raise in that 10/11 letter.

13           On the expert discovery point, by tomorrow,

14   which I think is what Mr. Sweeney said you could do,

15   ask for these requests for the expert documents that

16   you want, at least for the depositions happening on the

17   26th.  And to the extent that counsel can respond, do it

18   by 9/19.  That will give you a couple of days to look

19   at it.

20           Fight about the small things.  I don't know.

21   It seems to me for expert discovery, it shouldn't be

22   anything that's unusual.  And then pick your own dates

23   for whatever the October date is.  I think that's the

24   Houston deposition, whatever would give you enough time

25   to make the request and then for the defendants to

1    respond.

2            Then I guess the timing question is, do you

3    want -- right now, you're working with that November 1st

4    deadline.  It's only the pre-motion conference letter.

5    I'm guessing you probably already have an idea of what

6    your theory is for your motions.  But do you want to

7    stick with that November 1st date or do you want me to

8    push it out two weeks?

9            MR. SWEENEY:  Plaintiffs would like to stick

10   with it, your Honor.

11           THE COURT:  Okay.  Defendants?  I mean, we

12   can revisit that question on the 17th, when we have this

13   telephone conversation, and see what it is that's going

14   to be produced, if that's relevant to anything that's

15   going to happen on the 1st or by the 1st.

16           MR. SWEENEY:  Your Honor, this is Mike

17   Sweeney.  Can I just make one more request?  This may

18   prevent a phone call later.  With respect to the

19   October 4th deposition, I'm happy to accept a reasonable

20   date from Ecolab for their production of the expert

21   discovery.  I think that if we have the dates now,

22   everybody would be clearer on it and we won't need a

23   call.

24           Shirley, with respect to Dr. Ahern (ph),

25   would you be able to respond to the written discovery

1    by the 24th of September?  That would give you almost

2    two weeks.

3            MS. LERNER:  Mike, I don't -- I haven't seen

4    what discovery you're asking for.  Assuming it's

5    standard information regarding an expert, I expect that

6    it's going to be in our report anyway, which you're

7    going to get on the 16th.  Is there something more than

8    what is ordinary that you're expecting?

9            MR. SWEENEY:  I haven't seen the report, so

10   I don't -- if not, it won't be a problem.

11           THE COURT:  You need to work it out.  It

12   doesn't make any sense to try to do this in the

13   abstract.  If you can't come to an agreement, then put

14   a joint letter in about what the issue is.  But, you

15   know, give me a little bit of lead time on whenever

16   your -- I guess it's the 10/4 deposition.

17           All right.  So you'll see an order with

18   these dates.  We'll talk to you on the 17th of October.

19   If there's some issue that comes up before that, you

20   can do -- either one put a letter in and the other can

21   respond or you can put in a joint letter, okay?

22           MR. SWEENEY:  Thank you, your Honor.

23           THE COURT:  All right.  Thanks, everybody.

24                 * * * * * * * *

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18          I certify that the foregoing is a correct

19    transcript from the electronic sound recording of the

20    proceedings in the above-entitled matter.

21

22

23

24

25    ELIZABETH BARRON                    September 13, 2013