**Littler Mendelson, PC**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136

Shirley Lerner
612.313.7601 direct
612.630.1000 main
612.465.1881 fax
slerner@littler.com

May 8, 2014

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Charlot, et al. v. Ecolab, Inc., 12 Civ. 4543 (KAM) (VMS)*

Dear Judge Matsumoto:

Ecolab Inc. ("Ecolab") submits this response to Plaintiffs' request for a pre-motion conference regarding Plaintiffs' motion to amend their complaint to add four new state law claims and plaintiffs. Plaintiffs' request to have these four state law claims relate back to the filing of this FLSA action, and adding duplicative and non-existent Illinois and North Carolina claims should be denied.

Ecolab proposes that briefing on Plaintiffs' motion occur after the parties' cross-motions for summary judgment are fully briefed: Plaintiffs' opening brief due on July 10 2014, Ecolab's opposition on July 24, 2014, and Plaintiffs' reply on August 1, 2014.

I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

As Ecolab Route Sales Managers and Sales Service Route Managers ("RSMs"), Plaintiffs' primary duty was to sell cleaning and sanitation products to Ecolab's customers. Plaintiffs were compensated pursuant to a commission plan designed to reward their sales efforts. Ecolab has moved for summary judgment regarding two of its affirmative defenses: the FLSA's outside sales exemption and 29 U.S.C. § 207(i) ("7(i)").

Plaintiffs seek to amend their complaint to add Illinois, North Carolina, Pennsylvania and Washington state law claims. Plaintiffs assert that these new state law claims should relate back to the original filing date of this FLSA case, September 11, 2012, even though none of the new proposed parties were Plaintiffs in the original Complaint.

In an effort to avoid motion practice, Ecolab consented to the addition of the Pennsylvania and Washington claims. However, Ecolab informed Plaintiffs that there was no rationale for any of proposed state law claims to relate back to the filing of the named Plaintiffs' FLSA case. Ecolab also explained it would not consent to the addition of Plaintiffs' Illinois or North Carolina state law claims, since adding such claims would be wasteful, prejudicial, and futile.

Hon. Kiyo A. Matsumoto
May 8, 2014
Page 2

## II.     PLAINTIFFS' SHOULD NOT BE ALLOWED TO ADD ILLINOIS CLAIMS

The Court should deny Plaintiffs' request to add a claim under the Illinois Wage Payment and Collection Act ("IWPCA") because requiring Ecolab to respond to a claim that cannot be properly pled is prejudicial, a waste of resources and futile. The IWPCA requires payment of "compensation owed an employee by an employer *pursuant to an employment contract or agreement between the 2 parties*[.]" 820 ILCS 115/2 (emphasis added). Since Plaintiffs' claim is based on Ecolab's classification of them as overtime exempt, Plaintiffs have failed to, and cannot, plead the existence of an agreement between Ecolab to pay overtime, and their IWPCA claim must fail. *See, e.g., Skelton v. Am. Intercontinental Univ. Online*, 382 F. Supp. 2d 1068, 1074-75 (N.D. Ill. 2005).

The Court should also deny Plaintiffs' request to add an Illinois Minimum Wage Law ("IMWL") class claim, as it duplicates a pending action before the U.S. District Court for the Northern District of Illinois in *Schneider v. Ecolab, Inc.*, No. 14 Civ. 1044. *Schneider* originally was pled as both an FLSA collective action and an Illinois state law class action, making it the later-filed case in comparison to *Charlot*. Due to that fact, Ecolab moved to stay or transfer *Schneider* for consolidation with *Charlot*. In response, Schneider dropped his FLSA claim and is proceeding solely under Illinois state law. As such, the *Schneider* action is now the first-filed case to seek relief under Illinois state law. *See Wyler-Wittenberg v. MetLife Homes Loans, Inc.*, 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2012)

Nevertheless, a stay of the *Schneider* case is warranted given the similarity of FLSA and IMWL claims and overlap of putative collective or class members with *Charlot*, which is a further along case. Ecolab's request in that regard is fully briefed and is being considered by Judge Chang in Illinois. If the Court permits the amendment here, there will be two cases seeking the same relief (a class claim under Illinois law) on behalf of overlapping putative classes against the same defendant. Denying Plaintiffs' request to amend will avoid a waste of judicial resources, inconsistent rulings, burden on Ecolab, and confusion among the individuals that Plaintiffs seek to represent. *See Castillo v. Taco Bell of America, LLC*, 960 F. Supp. 2d 401, 405 (E.D.N.Y. 2013) (dismissing case because "it would be patently unfair to require Defendants to litigate the [FLSA] class issues here at the same time as those matters are being litigated in the first-filed action.")

Plaintiffs' argument that its Illinois class is broader in scope, and thus protects more putative class members than the *Schneider* class, is wrong. Plaintiffs' Illinois claim can only relate back to the date the putative Illinois representative filed a consent to join this action, which was March 28, 2014 (*See* Doc. No. 95-2.) Therefore, the putative class in *Schneider*, where the complaint asserting Illinois state law claims was filed on January 6, 2014, is broader than the putative Illinois class alleged here.

Hon. Kiyo A. Matsumoto
May 8, 2014
Page 3

### III.  ASSERTING A CLAIM UNDER NORTH CAROLINA LAW IS FUTILE.

Ecolab is an enterprise under the FLSA and, therefore, the NWCHA claim does not exist. *See* N.C. Gen. Stat. § 95-25.14(a)(1). Plaintiffs cannot assert a claim under North Carolina's Wage and Hour Act ("NWCHA"), as the NCWHA specifically provides that it does not apply to "any person employed in an enterprise engaged in commerce…as defined in the Fair Labor Standards Act." *See* N.C. Gen. Stat. § 95-25.14(a)(1). "Federal courts in North Carolina have routinely rejected NCWHA claims when the defendant is covered by the FLSA." *Lombardozzi v. Allscripts Healthcare, LLC*, 2014 U.S. Dist. LEXIS 9579, at *5 (E.D.N.C. Jan. 27, 2014) (citing 29 U.S.C. § 203(r)(1)).

Further, the NCWHA adopts the federal outside sales exemption and 7(i) as an alternative means of meeting the overtime requirements. *See id.* § 92-25.14(a)(1)(c); *id.* § 95-25.14(b)(4).  Therefore, allowing Plaintiffs to add a NCWHA claim would complicate this case procedurally without providing any additional protections to potential plaintiffs.

### IV.  PLAINTIFFS' STATE LAW CLAIMS DO NOT RELATE BACK TO THE FLSA FILING

Plaintiffs' proposed state law claims cannot relate back to before they joined this suit. Rather, each state law claim may only relate back to the date each putative state class representative filed consent to join this action. *See* 29 U.S.C. § 256; *Ouedraogo v. A-1 Int'l Courier Serv.,* 2013 U.S. Dist. LEXIS 96091, at *11-12 (S.D.N.Y. July 8, 2013) (explaining that the FLSA requires that the statute of limitations continue to run for a potential claimant until he or she consents in writing to become a party plaintiff); *see also Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 260 (S.D.N.Y. 1997). To hold otherwise would disregard the nature of FLSA litigation and procedures. *See* 29 U.S.C. § 256; *LaFleur v. Dollar Tree Stores, Inc.*, 2012 U.S. Dist. LEXIS 143514, at *19-20 (E.D. Va. Oct. 2, 2012) (citation omitted).

In short, Plaintiffs' attempt to relate absent state law claims (that exceed the scope of FLSA) back to the date of Plaintiffs' original Complaint is contrary to the FLSA and the Federal Rules of Civil Procedure, and must be rejected.

Sincerely,

**LITTLER MENDELSON, P.C.**

*s/Shirley Lerner*

Shirley Lerner

SOL/pgk