**OUTTEN & GOLDEN LLP**
Justin M. Swartz (JS 7989)
Molly A. Brooks (MB 2360)
Sally J. Abrahamson (admitted *pro hac vice*)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**GETMAN & SWEENEY , PLLC**
Michael J.D. Sweeney (MS 7959)
Artemio Guerra (AG 2005)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

ANTHONY CHARLOT, ALAN REMACHE, and
JOSE TEJADA, individually and on behalf all
others similarly situated,

                    Plaintiffs,

      v.

ECOLAB, INC.,

                    Defendant.

**12-cv-04543 (KAM)(VMS)**

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
## <u>MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY ..................................................................................... 1

I.        Proposed First Amended Complaint ............................................................... 2

ARGUMENT ........................................................................................................ 3

I.        Motions to Amend Are Freely Granted ........................................................... 3

          A.        Courts Routinely Grant Plaintiffs Leave to Add Additional Named Plaintiffs in
                    Wage and Hour Class and Collective Actions .................................................... 4

II.       The Proposed Amendments Satisfy Rules 15 and 21 ......................................... 5

          A.        The Relevant Factors Favor Allowing Plaintiffs to File the FAC ......................... 5

                    1.        The Proposed Amendments Are Not Futile ................................................ 5

                    2.        Ecolab Cannot Show that There Has Been Undue Delay, Bad Faith, or
                              Dilatory Motive ............................................................................. 6

                    3.        Ecolab Cannot Show that It Will Be Prejudiced ........................................ 6

          B.        The Proposed Amendments Also Satisfy Rule 21's Permissive
                    Joinder Standard ............................................................................................ 7

III.      The Class Periods Plaintiffs Seek to Plead Are Appropriate ............................... 9

IV.       The Illinois Claims Should Be Included ......................................................... 11

          A.        The *Schneider* Case Does Not Bar Plaintiffs' Proposed Illinois Class Claims .... 11

          B.        Plaintiffs' Illinois Wage Payment and Collection Act Claims Are Proper ........... 12

V.        North Carolina Claims Should Be Included ..................................................... 13

CONCLUSION ..................................................................................................... 15

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
  87 F. Supp. 2d 281 (S.D.N.Y. 2000)........................................................................7

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
  106 F.3d 11 (2d Cir.1997)..........................................................................................9

*In re Bank of New York Mellon Corp. Forex Transactions Litig.*,
  921 F. Supp. 2d 56 (S.D.N.Y. 2013)........................................................................11

*Barton v. Pantry, Inc.*,
  No. 04 Civ. 748, 2006 WL 1367421 (M.D.N.C. May 17, 2006)...............................14

*Bensinger v. Denbury Res. Inc.*,
  No. 10 Civ. 1917, 2013 WL 3353975 (E.D.N.Y. July 3, 2013) ...............................10

*Blesedell v. Mobil Oil Co.*,
  708 F. Supp. 1408 (S.D.N.Y 1989).............................................................................8

*Block v. First Blood Assocs.*,
  988 F.2d. 344 (2d Cir. 1993).......................................................................................3

*Blount v. Carlson Hotels, Inc.*,
  No. 11 Civ. 452, 2012 WL 1021735 (W.D.N.C. Mar. 1, 2012) ...............................14

*Campbell v. Bender*,
  No. 09 Civ. 465, 2011 WL 3882722 (W.D.N.C. Sept. 2, 2011).........................14, 15

*Foman v. Davis*,
  371 U.S. 178 (1962)...........................................................................................3, 5, 6

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  114 F.R.D. 48 (S.D.N.Y. 1987) ..................................................................................9

*Gilliam v. Addicts Rehab. Ctr. Fund*,
  No. 05 Civ. 3452, 2006 WL 1049352 (S.D.N.Y. Apr. 19, 2006).......................4, 8, 9

*Haddock v. Nationwide Fin. Servs. Inc.*,
  514 F. Supp. 2d 267 (D. Conn. 2007) .........................................................................6

*Hanson-Kelly v. Weight Watchers Int'l, Inc.*,
  No. 10 Civ. 65, 2011 WL 2689352 (M.D.N.C. July 11, 2011) ...............................14

*Liegey v. Ellen Figg, Inc.*,
    No. 02 Civ. 1492, 2003 WL 21361724 (S.D.N.Y. June 11, 2003)..........................................8

*Martinez-Hernandez v. Butterball, LLC*,
    578 F. Supp. 2d 816 (E.D.N.C. 2008)......................................................................................14

*McLaurin v. Prestage Foods, Inc.*,
    271 F.R.D. 465 (E.D.N.C. 2010) .............................................................................................14

*Perkins v. S. New England Tel. Co.*,
    No. 07 Civ. 967, 2009 WL 3754097 (D. Conn. Nov. 4, 2009)...........................................9, 10

*Presser v. Key Food Stores Co-op., Inc.*,
    218 F.R.D. 53 (E.D.N.Y. 2003) .................................................................................................5

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
    46 F.3d 230 (2d Cir. 1995).........................................................................................................3

*Randolph-Rand Corp. of N.Y. v. Tidy Handbags, Inc.*,
    No. 96 Civ. 1829, 2001 WL 1286989 (S.D.N.Y. Oct. 24, 2001) ..............................................7

*Slayton v. Am. Express Co.*,
    460 F.3d 215 (2d Cir. 2006)......................................................................................................10

*Soler v. G & U, Inc.*,
    86 F.R.D. 524 (S.D.N.Y. 1980) ..............................................................................................8, 9

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
    283 F.R.D. 142 (S.D.N.Y. 2012) ...............................................................................................4

*Sorrell v. Inc. Vill. of Lynbrook*,
    No. 10 Civ. 49, 2012 WL 1999642 (E.D.N.Y. June 4, 2012)....................................................4

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981)........................................................................................................6

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966).....................................................................................................................4

*United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*,
    889 F.2d 1248 (2d Cir. 1989)......................................................................................................7

*Wharton v. Comcast Corp.*,
    912 F. Supp. 2d 655 (N.D. Ill. 2012) .......................................................................................13

*Wilson v. Fairchild Republic Co.*,
    143 F.3d 733 (2d Cir. 1988)......................................................................................................10

iv

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. 2013) ..................................................................11

**Statutes**

820 ILCS 105/4 ........................................................................................................5

820 ILCS 115/2 ......................................................................................................13

820 ILCS 115/3 ......................................................................................................12

28 U.S.C. § 1407 ....................................................................................................11

29 U.S.C. § 207(i) ..................................................................................................15

N.C. Gen. Stat. Ann. § 95-25 ........................................................................5, 14, 15

43 Pa. Stat. Ann. § 333.104(c) ...............................................................................5

Wash. Rev. Code § 49.46.130(1) ...........................................................................5

**Other Authorities**

Fed. R. Civ. P. 8 ....................................................................................................14

Fed. R. Civ. P. 12 ....................................................................................................5

Fed. R. Civ. P. 15 ............................................................................................. *passim*

Fed. R. Civ. P. 20 ..................................................................................................7, 8

Fed. R. Civ. P. 21 ................................................................................................4, 7

Fed. R. Civ. P. 23 ...........................................................................................2, 9, 14

6 Charles Alan Wright & Arthur R. Miller,
    Fed. Practice and Procedure § 1484 (3d ed.). ...............................................4, 10

## PRELIMINARY STATEMENT

The Court should allow Plaintiffs to file their proposed First Amended Class Action Complaint ("FAC"),[1] which adds four new named plaintiffs, each of whom has already joined this lawsuit as a Fair Labor Standards Act ("FLSA") opt-in plaintiff, and their state law class wage claims. The legal requirements for these state law claims are almost identical to those of the FLSA claims and the state law claims that Plaintiffs have already pled in their initial Class Action Complaint. They also arise from the same conduct, transactions, and occurrences.

The proposed amendments are made in good faith and granting leave to file the FAC will in no way prejudice Ecolab because trial has not yet been scheduled and class and collective discovery has not yet begun. Additionally, Ecolab consents to some of the amendments but objects to others. Accordingly, Ecolab cannot overcome the presumption under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") in favor of granting leave to amend.

## PROCEDURAL HISTORY

Plaintiffs Anthony Charlot, Alan Remache, and Jose Tejada (collectively, "Plaintiffs") worked as Route Managers for Ecolab, installing, maintaining, and repairing commercial dishwashers and related equipment. Plaintiffs filed their initial class action complaint on September 11, 2012, seeking to recover unpaid overtime wages on behalf of themselves and other similarly situated individuals under the FLSA and two parallel state wage and hour laws (New York and New Jersey). ECF No. 1. Pursuant to the agreed case management plan, so ordered by Magistrate Judge Vera M. Scanlon, ECF No. 41-1, the parties have exchanged discovery regarding Ecolab's two FLSA exemption affirmative defenses. Discovery regarding

---

[1]     Plaintiffs submit as Exhibit 1 their proposed FAC, which contains minor edits from the proposed FAC that was submitted with their pre-motion letter on May 5, 2014. ECF No. 101. Unless otherwise indicated, all exhibits are attached to the Declaration of Justin M. Swartz.

Federal Rule of Civil Procedure 23 ("Rule 23") class certification of Plaintiffs' state law claims has not begun. Seventy-six workers from twenty different states have opted into the FLSA collective action by filing consents to join the lawsuit.

On April 18, 2014, Ecolab served Plaintiffs with their motion for summary judgment. On May 8, 2014, Plaintiffs filed a pre-motion letter requesting that the Court strike Ecolab's purported expert Donald Winters. ECF No. 104. On May 13, 2014, upon Defendant's consent, the Court adopted Plaintiffs' proposed briefing schedule for the motion to strike. The Court stayed the deadlines for the parties' cross motions for summary judgment pending the determination of Plaintiffs' motion to strike. Plaintiffs' served their motion to strike on Ecolab on May 16, 2014.

## I.      Proposed First Amended Complaint

Plaintiffs stated their intention to seek leave to amend their Class Action Complaint in their pre-motion letter submitted to the Court on May 5, 2014. ECF No. 101. Plaintiffs seek to add unpaid overtime and other related claims under the laws of the following states:

1)      Illinois, brought by Garwyn Richmond ("Richmond");

2)      North Carolina, brought by Christopher Hendley ("Hendley");

3)      Washington, brought by Matt Riggs ("Riggs"); and

4)      Pennsylvania, brought by Gregory Germuska ("Germuska").

The proposed amendments do not change the scope or the substance of discovery and do not affect the ongoing motion to strike and summary judgment briefing.

Ecolab consents to some of the amendments Plaintiffs seek to make and objects to others. Ecolab agrees that Plaintiffs may add their proposed Pennsylvania and Washington class claims and two individuals as class representatives for those claims. Ecolab does not agree that

2

Plaintiffs may add their Illinois or North Carolina class claims.  It also disagrees with the proposed class periods that Plaintiffs intend to plead for the new state law claims.

Like the three current named plaintiffs and other opt-in plaintiffs, the new named plaintiffs worked for Ecolab as Route Managers and were subject to the same corporate policies and practices.  They all worked overtime hours for which they received no overtime premium pay because Ecolab classified them as exempt under the same blanket exemption policy.

## ARGUMENT

### I.     Motions to Amend Are Freely Granted.

Plaintiffs' motion should be granted because Rule 15 embodies a liberal amendment policy under which courts have broad discretion to permit amendments.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  The U.S. Supreme Court has made clear that leave should be granted unless the party opposing the amendment shows an improper reason for the amendment, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility[.]"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Mere delay . . ., absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal citation and quotation marks omitted); *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) ("The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'") (quoting *Foman*, 371 U.S. at 182).  Accordingly, "[i]f no prejudice

3

is found, then leave normally will be granted."  6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.).

Plaintiffs' motion should also be granted under the lenient standards of Federal Rule of Civil Procedure 21 ("Rule 21"), which provides that "the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  The same liberal standard favoring leave to amend under Rule 15 applies to the joinder of parties under Rule 21.  *See Sorrell v. Inc. Vill. of Lynbrook*, No. 10 Civ. 49, 2012 WL 1999642, at *3 (E.D.N.Y. June 4, 2012) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.") (internal citation and quotation marks omitted); *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) ("[T]he showing necessary under Rule 21 is the same as that required under Rule 15(a)(2).") (internal quotation marks and citation omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

### A.     Courts Routinely Grant Plaintiffs Leave to Add Additional Named Plaintiffs in Wage and Hour Class and Collective Actions.

"The addition of new plaintiffs and class representatives in a FLSA action is generally allowed provided that the claims asserted by the new parties 'involve the same or related factual and legal questions,' [] as the original complaint."  *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).  Here, the state law overtime claims plaintiffs seek to add are substantially similar to the FLSA claims.  The overtime laws of Illinois, North Carolina, Washington, and Pennsylvania all require premium payments for hours worked in excess of 40

4

hours in a workweek.  *See* 820 Ill. Comp. Stat. 105/4a(1); N.C. Gen. Stat. Ann. §  95-25.4(a);

Wash. Rev. Code § 49.46.130(1); 43 Pa. Stat. Ann. § 333.104(c)*; see* Ex. 2 (Def.'s Memo. of

Law in Support of its Mot. to Stay, ECF No. 28) (noting that the Illinois case is largely

duplicative of a first-filed action, *Charlot et al. v. Ecolab*).

## II.     The Proposed Amendments Satisfy Rules 15 and 21.

### A.     The Relevant Factors Favor Allowing Plaintiffs to File the FAC.

The Court should grant Plaintiffs leave to file the FAC because Ecolab cannot show that

the amendments are futile, that they are the product of "undue delay, bad faith or dilatory

motive," or that they will cause Defendant "undue prejudice."  *Foman*, 371 U.S. at 182.

Additionally, Ecolab has conceded that the Illinois claims are substantially similar to the FLSA

claims.

### 1.     The Proposed Amendments Are Not Futile.

The proposed amendments are not futile because they "would survive a motion to dismiss

for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)[.]"  *Presser v. Key Food Stores*

*Co-op., Inc*., 218 F.R.D. 53, 56 (E.D.N.Y. 2003).  Plaintiffs will allege sufficient facts to support

the addition of Richmond, Hendley, Riggs, and Germuska as named plaintiffs and class

representatives for the Illinois, North Carolina, Washington, and Pennsylvania claims.  FAC ¶¶

50-148.  All of the proposed new plaintiffs worked as Route Managers, performed substantially

similarly job duties, worked overtime for which they received no overtime premium pay, and

opted into this FLSA collective by filing consents to join the lawsuit.  *Id.* ¶¶ 29, 120, 124, 128,

132, 136, 142, 146.  The proposed new named Plaintiffs are willing and able to serve as class

representatives, and they worked within the applicable statutes of limitations for the state law

claims they are now seeking to bring.  *Id.* ¶¶ 14-29, 77, 88, 98, 108.

> ### 2. Ecolab Cannot Show that There Has Been Undue Delay, Bad Faith, or Dilatory Motive.

Plaintiffs have not delayed in moving to amend, and there is no evidence of bad faith. Plaintiffs notified the Court of their intention to seek leave to amend on May 5, 2014. ECF No. 101. None of Plaintiffs' conduct demonstrates "undue delay, bad faith or dilatory motive." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Furthermore, even if Plaintiffs had delayed in filing this motion, it would not by itself be grounds for the Court to deny leave. "[M]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (granting leave to amend when no trial date had been set and no motion for summary judgment had been filed by defendants) (citations omitted). Where courts have found "no evidence that the [movants] have intentionally delayed amending their complaint as a strategic matter," leave to amend is typically granted. *See Haddock v. Nationwide Fin. Servs. Inc.*, 514 F. Supp. 2d 267, 271 (D. Conn. 2007). There is no such evidence here.

> ### 3. Ecolab Cannot Show that It Will Be Prejudiced.

Although Ecolab may not wish to defend additional unpaid overtime claims, it cannot show that it will be prejudiced by the amendment. Because class certification discovery has not yet begun, Ecolab also does not claim that the proposed amendment will cause Ecolab any "undue prejudice." *Foman*, 371 U.S. at 182. To the contrary, Ecolab agreed that Plaintiffs may add two of the four proposed class claims and did not claim that adding the Illinois or North Carolina claims would prejudice Ecolab. Additionally, the amendment does not inject new facts, but merely seeks to add parallel state law claims for opt-in plaintiffs who have already joined the case.

6

"In any event, the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) (citation omitted). In addition, claims "that an amendment will require the expenditure of additional time, effort, or money do not constitute undue prejudice." *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Block*, 988 F.2d at 350-51) (internal quotation marks omitted); *see also Randolph-Rand Corp. of N.Y. v. Tidy Handbags, Inc.*, No. 96 Civ. 1829, 2001 WL 1286989, at *4 (S.D.N.Y. Oct. 24, 2001).

This is especially true here, where it is more efficient and presumably less burdensome for Ecolab to respond to Route Managers' claims in this case than it would be if Plaintiffs were required to file new actions. *See Randolph-Rand*, 2001 WL 1286989, at *4 ("[F]orcing [plaintiffs] to institute a new action against . . . defendants would run counter to the interests of judicial economy. If that separate lawsuit were not eventually consolidated with this one, it might well require the repetition of many of the same efforts expended in this case.") (citation omitted).

### B.  The Proposed Amendments Also Satisfy Rule 21's Permissive Joinder Standard.

Plaintiffs' motion should also be granted under Rule 21's lenient joinder standard, which provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. This standard applies to motions to add parties under Rule 20(a)(1). Under that Rule, "[p]ersons may join in one action as plaintiffs if:

(A)  they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)  any question of law or fact common to all plaintiffs will arise in the action."

Fed. R. Civ. P. 20(a)(1).

The phrase "same transaction or occurrence" includes all "logically related claims by or against different parties to be tried in a single proceeding." *Blesedell v. Mobil Oil Co*., 708 F. Supp. 1408, 1421 (S.D.N.Y 1989) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)) (internal quotation marks omitted).  "Like Rule 15, the requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Liegey v. Ellen Figg, Inc*., No. 02 Civ. 1492, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003) (quoting *A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.*, No. 97 Civ. 4978, 1998 WL 159059, at *5 (S.D.N.Y. Apr. 1, 1998)) (internal quotation marks omitted). Where, as here, the claims sought to be added "stem from the same allegedly unlawful practice originally challenged in th[e] action," *Soler*, 86 F.R.D. at 527, "[t]he interests of justice would best be served by litigating and resolving all the rights and liabilities existing between the parties in one lawsuit." *Id*. (citations omitted).

Proposed named Plaintiffs Richmond, Hendley, Riggs, and Germuska meet the "same transaction or occurrence" standard because they allege the same facts that underlie the claims in the original complaint – they were misclassified as exempt when they worked for Defendant as Route Managers and were not paid any overtime wages. *See* FAC ¶¶ 131-148.  The new state law claims are based on the same facts and circumstances as the FLSA, New York Labor Law, and New Jersey Wage and Hour law claims that Plaintiffs have already alleged. *See id*.; *see Gilliam*, 2006 WL 1049352, at *2 ("The addition of new plaintiffs and class representatives in a FLSA action is generally allowed provided that the claims asserted by the new parties involve the same or related factual and legal questions, as the original complaint.") (quoting *Soler*, 83

8

F.R.D. at 528) (internal quotation marks omitted).

Where additional employees with identical claims are sought to be added during discovery, their "[j]oinder . . . would not create an unfair disadvantage for the defendants and may preserve judicial resources." *Soler*, 86 F.R.D. at 528; *see also Gilliam*, 2006 WL 1049352, at *2.

## III.    The Class Periods Plaintiffs Seek to Plead Are Appropriate.

The Court should rule that Plaintiffs' amendments relate back to the date of the original complaint because they arise out of the same conduct, transaction, or occurrence alleged in the original complaint. Fed. R. Civ. P. 15(c)(1)(B); *see. e.g.*, *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 54 (S.D.N.Y. 1987) (holding that expanded Rule 23 class claims relate back to date of original complaint).  Ecolab "had actual notice that additional parties might assert claims arising out of the transaction or occurrence at issue." *Perkins v. S. New England Tel. Co.*, No. 07 Civ. 967, 2009 WL 3754097, at *2, 5 (D. Conn. Nov. 4, 2009) (internal quotation marks omitted).  While Rule 15 does "not expressly provide for relation back of an amendment that adds new plaintiffs, . . . the Advisory Committee Notes state that 'the attitude taken in . . . Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.'" *Id.* at *2, 5-6 (citing Fed. R. Civ. P. 15 advisory committee's notes); *see Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir.1997) (finding relation back appropriate because defendant had actual notice that additional parties might assert claims arising out of the transaction or occurrence at issue).  "All that the case law in the Second Circuit requires under  is that the basic claim must have arisen out of the conduct set forth in the original pleading." *Perkins*, 2009 WL 3754097, at *5 (citation omitted).

9

"The pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims." *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1988) *abrogated on other grounds*, *Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006); *see* 6 Wright & Miller, Fed Practice & Procedure § 1497 (3d ed.)  ("[A]n amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in Rule 15(c)(1)(B)"); *id*. § 1501 ("As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, [its] ability to protect itself will not be prejudicially affected if a new plaintiff is added, and [it] should not be permitted to invoke a statute of limitations defense."); *see also Bensinger v. Denbury Res. Inc.*, No. 10 Civ. 1917, 2013 WL 3353975, at *4-5 (E.D.N.Y. July 3, 2013) ("Courts in this Circuit consistently allow relation back of new plaintiffs where defendants had fair notice of the new plaintiffs' claims and would not suffer undue prejudice.") (collecting cases).

Here, Ecolab does not suffer undue prejudice because it has been "prepared to defend" against Plaintiffs' claims because the original complaint alleged class and collective claims on behalf of "similarly situated" Route Managers who worked at Ecolab nationwide, *see Perkins*, 2009 WL 3754097, at *5.  Furthermore, class certification discovery has not commenced and, thus, Ecolab still has the opportunity to take discovery from Richmond, Hendley, Riggs, and Germuska.  *See id*.  There is also no dispute that the amended claims stem from the same conduct at issue in the original complaint.  *See id.*  ("All that the case law in the Second Circuit requires under  is that the basic claim must have arisen out of the conduct set forth in the original pleading.") (citation and internal quotation marks omitted).

Ecolab recently lost an identical argument in *Cancilla v. Ecolab*, No. 12 Civ. 03001 (N.D. Cal.), in the Northern District of California.  In *Cancilla*, over Ecolab's objection, the

Court allowed the plaintiffs to amend their complaint to add new state law claims with class

periods relating back to the filing of the original complaint.  Ex. 4 (*Cancilla* Min. Order Granting

Mot. to Amend, ECF No. 118); Ex. 5 (*Cancilla* Pls.' Mot. to Amend, ECF No. 106).

 In any event, Ecolab's argument is premature because the proper class period for a class

claim should not be determined at the pleading stage.  *See In re Bank of New York Mellon Corp.

Forex Transactions Litig.*, 921 F. Supp. 2d 56, 90 (S.D.N.Y. 2013) ("'The lapse of a limitations

period is an affirmative defense that a defendant must plead and prove, and dismissing claims on

statute of limitations grounds at the complaint stage is appropriate only if a complaint *clearly*

shows the claim is out of time.'") (quoting *SEC v. Gabelli*, 653 F.3d 49, 60 (2d Cir. 2011)).

Here, there are no arguments that Ecolab argues are out of time.

## IV. The Illinois Claims Should Be Included.

### A. The *Schneider* Case Does Not Bar Plaintiffs' Proposed Illinois Class Claims.

 Ecolab objects to Plaintiffs' proposed Illinois class claims because of a pending copy-cat

lawsuit, which was filed in on January 6, 2014, more than a year-and-a-half after Plaintiffs filed

this case.  *Schneider v. Ecolab Inc.*, No. 14 Civ. 1044 (N.D. Ill)  The Court should reject

Ecolab's argument, and allow Plaintiffs' proposed amendment.  An existing lawsuit is not a bar

to a plaintiff filing a similar class claim in a separate lawsuit.  There are several mechanisms to

handle parallel class cases, including staying or transferring one of the lawsuits, invoking the

"first to file" rule, *see Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 243

(E.D.N.Y. 2013), or consolidating them under 28 U.S.C. § 1407  In fact, Ecolab has already

moved to stay the *Schneider* case because this case was first-filed, Ex. 2 (Def.'s Memo. of Law

in Support of its Mot. to Stay, ECF No. 28), and it notified the *Schneider* court of Plaintiffs'

proposed amendment here in support of its motion.  Ex. 3 (Def.'s Notice of Suppl. Info.
Regarding Its Mot. to Stay).

The Court should allow Plaintiffs' to add the Illinois claims regardless of whether the
Illinois court stays *Schneider* because, as explained above, the correct class period in this case
stretches back more than one-and-one-half years longer than the *Schneider* class period and
protects many more workers.  In addition, this case is much more advanced than *Schneider*,
where no discovery has occurred.  Here, the parties are finished with the key merits discovery on
Ecolab's FLSA exemption defenses, which, as Ecolab acknowledges, are almost identical to
Ecolab's exemption defenses under Illinois law.  Ex. 2 (Def.'s Memo. of Law in Support of its
Mot. to Stay, ECF No. 28); Ex. 3 (Def.'s Notice of Suppl. Info. Regarding Its Mot. to Stay, ECF
No. 36.  In *Schneider*, Ecolab also correctly argues that the *Schneider* case "remains largely
duplicative of a first-filed action, *Charlot et al. v. Ecolab*" because *Schneider* "seeks the same
relief, against the same defendant, on behalf of overlapping classes, via the same legal claims of
misclassification and failure to pay overtime compensation, as the named plaintiffs in *Charlot*."
Ex. 2 (Def.'s Memo. of Law in Support of its Mot. to Stay, ECF No. 28) 1.  These arguments
support Plaintiffs' motion to amend to add Illinois claims in this case.  In any event, the existent
of a similar claim pending in another district is not a factor in the test for allowing a party to
amend a complaint.

> **B.      Plaintiffs' Illinois Wage Payment and Collection Act Claims Are Proper.**

Plaintiffs' factual allegations support their claims under the Illinois Wage Payment and
Collection Act ("IWPCA").  The IWPCA requires employers "at least semi-monthly, to pay
every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3.  The
IWPCA defines wages as "any compensation owed an employee by an employer pursuant to an

employment contract *or* agreement between the 2 parties, whether the amount is determined on a

time, task, piece, or any other basis of calculation."  820 ILCS 115/2 (emphasis added).

"Accordingly, 'for a person to state a claim under the Wage Collection Act, he or she must plead

that wages or final compensation is due to him or her as an employee from an employer under an

employment contract or agreement.'" *Wharton*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012)

(quoting *Landers–Scelfo v. Corporate Office Sys., Inc.,* 293 Ill.Dec. 170, 827 N.E.2d 1051, 1058

(2005)).

The agreement need not be a formal contract.  *See id.* at 659-60 ("unlike a bargain (and

most contracts), an agreement under Illinois law does not require the exchange of promises, or

indeed any exchange. Instead, as Illinois courts recognize, an agreement requires only 'mutual

assent to terms.'") (citation omitted).  Here, Plaintiffs plead that Ecolab entered into an

agreement with its Illinois employees to pay overtime "[i]n accordance with the federal wage and

hour law."  FAC ¶ 85.  This constitutes an agreement under the IWPCA.  *See Wharton*, 912 F.

Supp. 2d at 660 (holding that defendant's assent to terms in the employee handbook was

demonstrative of an agreement).  Because Ecolab misclassified Route Managers as exempt, it

violated its agreement with them to pay non-exempt employees overtime.  Therefore, Plaintiffs

properly plead claims under the IWPCA.

## V.      North Carolina Claims Should Be Included.

Ecolab incorrectly argues that Plaintiffs cannot add a North Carolina class representative

and state class claims because the North Carolina Wage and Hour Act ("NCWHA") does not

cover employees who fall under the protections of the FLSA.  In fact, the NCWHA protects

employees in ways that the FLSA does not.

13

First, Plaintiffs allege that Ecolab violated the NCWHA by failing to pay Route Managers "all wages . . . accru[ed] to the employee on the regular payday," which is distinct from any FLSA claims.  N.C. Gen. Stat. Ann. § 95-25.6.  The FLSA does not "provide[] a mechanism for the recovery of wages *other than unpaid minimum wages*." *See Hanson-Kelly v. Weight Watchers Int'l, Inc.*, No. 10 Civ. 65, 2011 WL 2689352, at *2 (M.D.N.C. July 11, 2011) (holding the FLSA did not preempt plaintiffs' claims for unpaid wages under the NCWHA); *see also McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 479 (E.D.N.C. 2010) (certifying a FLSA collective for plaintiffs' minimum wage and overtime claims and certifying a Rule 23 class for plaintiffs' claims for unpaid wages under the NCWHA); *Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816, 820-21 (E.D.N.C. 2008) (same and adding that the NCWHA "contains no requirement of an express contract or agreement to pay for particular work"); *Barton v. Pantry, Inc.*, No. 04 Civ. 748, 2006 WL 1367421, at *3 (M.D.N.C. May 17, 2006).  Therefore, because Plaintiffs earned over the minimum wage, their claims for unpaid wages are protected under the NCWHA.

Second, at the pleading stage, courts allow plaintiffs to allege unpaid overtime claims under both the NCWHA and the FLSA.  *See Blount v. Carlson Hotels, Inc.*, No. 11 Civ. 452, 2012 WL 1021735, at *5 (W.D.N.C. Mar. 1, 2012) *report and recommendation adopted*, No. 11 Civ. 452, 2012 WL 1019507, at *2 (W.D.N.C. Mar. 26, 2012) (allowing plaintiff to plead her NCWHA claims in the alternative to her FLSA claims).  To the extent that the FLSA could preempt the NCWHA, Plaintiffs seek to plead the NCWHA claim in the alternative.  *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *Campbell v.*

14

*Bender*, No. 09 Civ. 465, 2011 WL 3882722, at *8 (W.D.N.C. Sept. 2, 2011) (noting state laws can be pled in the alternative to federal law).

      In *Cancilla v. Ecolab*, No. 12 Civ. 3001, the court recently granted Plaintiffs permission to amend their complaint to included claims under the NCWHA.  ECF No. 118 (N.D. Cal. March 21, 2014).  *Cancilla* involves almost the same claims as those raised here – that Ecolab misclassified its workers and did not pay them overtime wages, and the same affirmative defense under 29 U.S.C. §207(i).  *See Cancilla v. Ecolab*, 12 Civ. 3001, Fourth Amended Complaint, ECF No. 119 (March 27, 2014); Ecolab's Answer, ECF No. 125 (April 14, 2014).

      Third, the NCWHA covers employees who are exempt under the FLSA, and for whom the NCWHA contains no comparable exemption.  N.C. Gen. Stat. Ann. § 95-25.14(a)(1)(c).  While NCWHA codifies an outside sales exemption, it contains no exemption analogous to the retail exemption outlined in 29 U.S.C. § 207(i) ("207(i)").  Accordingly, if Plaintiffs are found to be exempt under 207(i) and not be covered under the FLSA, and they would be covered under the NCWHA.

## CONCLUSION

      For the reasons stated herein, Plaintiffs respectfully request that the Court grant their Motion to Amend and permit them to file the proposed First Amended Class Action Complaint.

Dated: New York, New York
      June 12, 2014

                    Respectfully submitted,

                    **OUTTEN & GOLDEN LLP**
                    By:

                    /s/ Justin M. Swartz
                    Justin M. Swartz (JS 7989)
                    Molly A. Brooks (MB 2360)
                    Sally J. Abrahamson (admitted *pro hac vice*)

3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**GETMAN & SWEENEY, PLLC**
Michael J.D. Sweeney (MS 7959)
Artemio Guerra (AG 2005)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370

***Attorneys for Plaintiffs and the Putative Class***

16