UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------- x
ANTHONY CHARLOT, ALAN REMACHE and :
JOSE TEJADA, individually and on :
behalf of all others similarly :
situated, :
                                  : **ORDER ADOPTING REPORT AND**
                    Plaintiffs,   : **RECOMMENDATION**
                                  :
     -against-                    : No. 12-CV-4543 (KAM)(VMS)
                                  :
ECOLAB, INC.,                     :
                                  :
                    Defendant.    :
--------------------------------- x
**MATSUMOTO, United States District Judge:**

The named plaintiffs Anthony Charlot, Alan Remache,

and Jose Tejada (collectively, the "Named Plaintiffs" or

"Plaintiffs") brought this individual, collective, and class

action against Ecolab, Inc. ("defendant") for various alleged

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, the New York Labor Law, N.Y. Lab Law §§ 650 *et

seq.*; and its supporting regulations, N.Y. Comp. Codes R. &

Regs. tit. 12, § 142 (collectively, the "New York Wage Laws");

and the New Jersey Wage-and-Hour Laws. N.F.S.A. §§ 34:11-56a *et

seq.*; its supporting regulations, N.J. Admin. Code §§ 12:56-1.1

*et seq.*; and the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-

4.1-33.6 (collectively, the "New Jersey Wage Laws").

The Plaintiffs moved for leave to amend their

complaint to add additional named plaintiffs and their

respective individual and representative state law claims and to

1

have those new individual and representative state law claims

relate back to September 11, 2012, the date the original

complaint was filed. (*See* ECF No. 122, Plaintiffs' Memorandum

in Support of Plaintiffs' Motion to Amend ("Pls. Mem.").)

Specifically, the motion to amend concerns four proposed named

plaintiffs that have opted into the FLSA collective action and

their respective individual and representative state claims from

four states: Illinois, North Carolina, Pennsylvania, and

Washington (collectively, the "Proposed Named Plaintiffs"). (R

& R at 5.) Each of these Proposed Named Plaintiffs filed a

Consent to Sue form concerning their FLSA claims between April

2013 and March 2014. (*Id.*)

　　　　Defendant Ecolab consented to the addition of proposed

individual and representative Pennsylvania and Washington state

claims. (R&R at 6; ECF No. 124, Defendant's Opposition to

Plaintiffs' Motion to Amend (Def. Opp.) at 2.) Defendant,

however, opposed the Plaintiffs' motion to add the proposed

Illinois and North Carolina state individual and representative

class claims, on grounds of futility and prejudice.[2] Defendant

---

[2] The Plaintiffs seek to add two Illinois statutory claims – the Illinois
Minimum Wage Laws ("IMWL") and the Illinois Wage Payment and Collection Act
("IWPCA"). Defendant contends that claims under the IMWL are barred by the
first-filed rule, because IMWL claims have been brought in an individual and
collective action, *Schneider v. Ecolab*, No. 14-CV-1044 (N.D. Il. Feb. 13,
2013), and that claims under the IWPCA are futile. (R & R at 9-14.) With
respect to the North Carolina state law claims, defendant objects on the
grounds that the proposed Wage-and-Hour Act overtime claims are futile as
they are preempted by the FLSA and the Named Plaintiffs failed to state a

contends the Illinois state claim under the IMWL are barred by the first-filed action against defendant pending in Illinois. *See Schneider v. Ecolab*, No. 14-CV-1044 (N.D. Ill. Feb 13, 2014). (R & R at 8.)

Moreover, defendant argued that the state claims should not relate back to the original complaint, because defendant did not have notice of the Named Plaintiffs' intent to amend its complaint to add these state claims until April 15, 2014, the date defendant received a copy of the Proposed Amended Complaint. (R & R at 2.) On July 16, 2014, Magistrate Judge Vera M. Scanlon heard oral argument on the motion to amend, (ECF No. 126, Transcript of Oral Argument ("Tr.")), after which the parties submitted supplemental letter briefs in accordance with Judge Scanlon's order. (Tr. 732:21-74:6; ECF No. 132, Named Plaintiffs' Post-Argument Letter; ECF No. 133, Defendant's Post-Argument Letter.)

By Order dated September 16, 2014, this court referred the Named Plaintiffs' motion for leave to amend to Judge Scanlon for a report and recommendation. (*See* Order Referring Motion dated 9/16/14.) After considering the parties' submissions and their arguments before the court, Judge Scanlon issued a Report and Recommendation on December 12, 2014, recommending that this court grant in part and deny in part the Named Plaintiffs'

---

separate and distinct claim under North Carolina's wage payment or "payday" statute, N.C. Gen. Stat. Ann. § 95-25.6. (R & R at 15-20.)

motion for leave to amend the complaint. (ECF No. 159, Report and Recommendation (the "R & R").) Specifically, Judge Scanlon recommended that this court permit the Plaintiffs to amend the complaint to add the Proposed Named Plaintiffs and their respective individual and representative state claims, but only to the extent that the statute of limitations for each claim had not expired as of April 15, 2014, the date that defendant admittedly received notice of the proposed amended complaint. (R & R at 51.) In reaching this conclusion, Judge Scanlon found that the Plaintiffs' proposed North Carolina and Illinois claims were neither futile nor prejudicial to defendant under Rule 15(a), nor were the Illinois claims barred by the first-filed rule in light of the pending action against defendant in the United States District Court in the Northern District of Illinois. (*See* R & R at 6-20.)

Although Judge Scanlon recommended that Plaintiffs' motion to amend be granted, Judge Scanlon found that the Plaintiffs did not demonstrate fair notice or mistake and, thus, recommended against granting the relation back of the state claims pursuant to Federal Rules of Civil Procedure 15(c)(1)(B), 15(c)(1)(C). Accordingly, Judge Scanlon limited her recommendation that this court permit the Plaintiffs to amend their complaint to add state law claims that were timely as of April 15, 2014. (R & R at 51.)

On January 14, 2015, the Named Plaintiffs timely filed their objections to Judge Scanlon's R & R.[4] (ECF No. 190, Named Plaintiffs' Objections to R & R ("Pls. Objs.").) On February 5, 2015, defendant Ecolab filed its response to the Named Plaintiffs' Objections to Judge Scanlon's R & R, urging this court to adopt Judge Scanlon's R & R in its entirety, but did not otherwise object.[5] (ECF No. 194, Defendant's Response to the Named Plaintiffs' Objections ("Def. Resp."). On February 13, 2015, the Named Plaintiffs' filed a Reply to defendant's response.[6] (ECF No. 195, Named Plaintiffs' Reply to Defendant's Response ("Pls. Reply").)

## I.  Factual Background

The court presumes familiarity with the underlying facts of this case, which have been set forth comprehensively in Judge Scanlon's December 14, 2014 R & R, and are adopted herein. (R & R at 1-5.)

## II.  Standard of Review

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the

---

[4] On December 26, 2014, the Named Plaintiffs sought an extension of time to file their objections, which the court granted on December 29, 2014. (ECF No. 184, Motion for Extension of Time to File Objections; Order dated December 29, 2014.)

[5] On January 21, 2015, defendant sought leave to file a response to the Named Plaintiffs' objections, which the court granted on the same date. (ECF No. 192, Motion for Leave to File a Response to Plaintiffs' Objections; Order dated January 21, 2015.)

[6] On February 13, 2015, the Named Plaintiffs sought leave to file a reply to Defendant's Response to Plaintiffs' Objections, which the court granted on February 17, 2015. (ECF No. 195, Motion for Leave to File a Reply to Defendant's Response; Order dated February 17, 2015.)

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011). Furthermore, even on *de novo* review of specific objections, the court "will not consider 'arguments, case law, and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *VOX Amplification Ltd. v. Meussdorffer*, No. 13-CV-4922, 2014 WL 4829578, at *11 (E.D.N.Y. Sept. 29, 2014); *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012).[7]

---

[7] The court recognizes that a motion to amend may be construed as a non-dispositive motion and that the R & R's recommendations as to these non-dispositive motions may be construed as dispositions of the matter under Rule 72(a), rather than recommendations. Fed. R. Civ. P. 72(a); *see Fielding v. Tollaksen,* 510 F.3d 175, 178 (2d Cir. 2007) (indicating that a motion to amend the complaint is "non-dispositive" and governed by Fed. R. Civ. P. 72(a)); *Kilcullen v. New York State Dep't of Transp.,* 55 F.App'x 583, 584 (2d Cir. 2003) (analyzing a magistrate judge's decision to deny a Rule 15(a) motion to add a claim to the complaint under the Rule 72(a) standard); *Lumbermens Mut. Cas. Co. v. Banco Espanol de Credito, S.A.*, No. 03-CV-5819, 2006 WL 2987694, at *1 n.3 (S.D.N.Y. Oct. 13, 2006) (construing Magistrate Judge's "recommendations" with regard to motion to amend as "dispositions" of the matter and reviewing under "clearly erroneous or contrary to law"

## III. Discussion

Presently before the court is the Report and Recommendation issued by Magistrate Judge Scanlon on December 14, 2014, the Named Plaintiffs' objections and defendant's response.

Neither party objects to Judge Scanlon's recommendation that the court allow the Named Plaintiffs to amend their complaint to add the Proposed Named Plaintiffs and their individual and representative state claims pursuant to Rule 15(a)(2). Plaintiffs, however, object to Judge Scanlon's recommendation denying the relation back of claims. In particular, neither party objects to the R & R's finding that the proposed additional state claims under Illinois and North

_____

standard). Pursuant to Rule 72(a), the court may review the R & R's recommendations as to the non-dispositive motions to amend, insofar as objections have been filed as to those recommendations, to determine if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

The court finds, as it has previously, that the proper classification as dispositive or non-dispositive of a motion for leave to file an amended complaint is not settled within the Second Circuit. *See Louis v. Metro. Transit Auth.*, No. 12-CV-6333, 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014) (noting that the Second Circuit has referred to a motion to amend as a non-dispositive matter, but has not explicitly decided the issue, and that district courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive); *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 297 (E.D.N.Y. 2013) (noting that authority is divided about whether a motion to amend a complaint is a dispositive or non-dispositive matter and declining to take a position where court would adopt the R & R under either standard); *Dollar Phone Corp. v. St. Paul Fire*, No. 09-CV-1640, 2011 WL 837793, at *1 (E.D.N.Y. Mar. 4, 2011) ("The proper standard of review to apply to objections to a magistrate's order denying leave to amend is not clearly settled in this Circuit."). Under both a *de novo* or clearly erroneous standard of review, this court would adopt the ruling of Judge Scanlon. Accordingly, in the discussion that follows, plaintiffs' objections are considered timely and this court shall apply, without deciding, a *de novo* standard of review to the Plaintiffs' specific objections to Judge Scanlon's Report and Recommendation.

Carolina state law are not futile or prejudicial pursuant to
Rule 15(a). Furthermore, the parties do not object to the
finding that defendant's "invocation of the first-filed rule as
a basis for denying the Named Plaintiffs' motion to amend . . .
does not bar the motion to amend to add Illinois state law
claims, given the status of Illinois class discovery" in
*Schneider v. Ecolab*, No. 14-CV-1044 (N.D. Ill. Feb 13, 2014).
(R & R at 9-12.) Nor do the parties object to the R & R's
finding that defendant failed to establish futility with regard
to the Illinois and North Carolina state claims, because
outstanding factual and legal questions existed rendering
resolution at this stage of the proceedings inappropriate.
(R & R at 14, 18-19.)

Additionally, neither party objects to Judge Scanlon's
finding that the Proposed Named Plaintiffs' individual FLSA and
state claims are timely, with the exception of Mr. Riggs'
Washington state law claims that pre-date April 15, 2011,[8] and
that the Named Plaintiffs' should be permitted to amend the
complaint to include the Proposed Named Plaintiffs and their
timely individual and representative state claims. The court
has reviewed the aforementioned portions of Judge Scanlon's

---

[8] Mr. Riggs was employed from June 2010 through February 2014, and thus his
claims from June 2010 through April 15, 2011 are barred pursuant to
Washington state's three-year statute of limitations.

Report and Recommendation to which no objections were filed and finds no clear error.

A.    The Named Plaintiffs' Objections

The Named Plaintiffs' objections are limited to Judge Scanlon's recommendation that this court deny the Named Plaintiffs' request to relate back the proposed individual and representative state law claims to the date of the original complaint, September 11, 2012.  Specifically, the Named Plaintiffs argue that the R & R was correct in finding that the proposed state law claims arise "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," but it "misapplied the law governing what establishes notice and prejudice" when finding that the new state law claims should not relate back to the filing of the original complaint on September 11, 2012.  (Pls. Objs. at 5.)

The Named Plaintiffs assert that defendant had fair notice of the new state law overtime claims and is not prejudiced by the relation back of these proposed state claims to the original filing.  Specifically, the Named Plaintiffs contend that the proposed additional state claims meet the basic requirements for relation back under Rule 15(c) because the original complaint gave defendant sufficient notice of the proposed state claims.  (Pls. Objs. at 5.)  The Named Plaintiffs

further argue that the state claims are substantially the same as the FLSA claims pled in the original class action complaint. (*Id.* at 5-6.) Moreover, the Named Plaintiffs deny that defendant is prejudiced by relation back of the proposed state claims, not only because of the similarities between the proposed state claims and the existing FLSA claims, but also because the alleged wrongdoing pleaded in the proposed state claims arises from the same conduct as the wrongdoing alleged in the original complaint. Thus, the Named Plaintiffs assert that no additional discovery is needed and the only potential effect of relating back the proposed state claims is the expansion of damages, which is insufficient as a reason to deny relation back. (*Id.* at 10 (citing *In re Simon II Litig.*, 211 F.R.D. 86, 146 (E.D.N.Y. 2002).)

The Named Plaintiffs also argue that the R & R's conclusion that defendant did not have fair notice of the proposed state law claims was clearly erroneous and advance four specific bases for their position. (Pls. Objs. at 11.) First, the Named Plaintiffs object to the R & R's finding that defendant was not given fair notice in the original complaint that the proposed amendments would increase the numbers and identities of the potential plaintiffs. (*Id.*) Second, the Named Plaintiffs argue that the R & R erred in reaching its finding that fair notice was lacking on the basis that "the

proposed amendments would also involve state law classes not contemplated by the original complaint." (*Id.* at 12.)  Third, the Named Plaintiffs object to the R & R's finding that fair notice was lacking because the "state standards vary such that a defendant facing multi-state claims must analyze its records and scope of liability under each state law separately." (*Id.*) Fourth, the Named Plaintiffs argue that the R & R erroneously found that relation back of the additional state law overtime claims would include claims that have already been lost because the statute of limitations for the filing of an FLSA collective opt-in action does not toll individual claims, whereas an opt-out class action tolls all claims upon filing.  (Pls. Objs. at 12.)

The Named Plaintiffs also argue that Judge Scanlon misapplied the law when she required the Named Plaintiffs to establish mistake pursuant to Rule 15(c)(1)(C).  (Pls. Objs. 13-14.)  The Named Plaintiffs object on the grounds that mistake under Rule 15(c)(1)(C) is not required when a party seeks to add new plaintiffs, but instead is limited to the addition of new defendants.  (*Id.*)  Finally, the Named Plaintiffs argue that comity concerns are not a basis to deny relation back of new claims, and that the R & R erroneously relied on comity grounds when reaching the conclusion that the proposed state claims should not relate back to the original complaint.  (*Id.* at 16.)

Defendant responds to the Named Plaintiffs' objections by asserting that the Named Plaintiffs fail to identify any controlling law that compels relation back, fail to show any error in Judge Scanlon's analysis, and merely re-argue their relation back theory in their objections or posit new arguments not previously presented to Judge Scanlon.  Specifically, defendant contends that Judge Scanlon properly concluded that the Named Plaintiffs failed to satisfy the notice requirement of Rule 15(c)(1)(B).  (Def. Resp. at 7-9.)  Moreover, defendant argues that even if the Named Plaintiffs had established fair notice, their failure to include the new plaintiffs and their state representative claims in the original complaint was not due to mistake; thus, the Named Plaintiffs failed to satisfy the mistake requirement under Rule 15(c)(1)(C).  (*Id.* at 16.)  Finally, defendant argues that the court should reject the Named Plaintiffs' objection with regard to comity as a "straw man" argument because the Named Plaintiffs' claim that Judge Scanlon based her decision on comity grounds is unfounded.  (*Id.* at 18.)

B.    Analysis

i.    *Amendment to Add the Proposed Named Plaintiffs
and their Individual and State Law Claims*

The court adopts the R & R's findings and recommendation with respect to the Plaintiffs' motion to amend their complaint to include four additional named plaintiffs and their respective individual and representative state claims.

Based upon a review of the record and Judge Scanlon's thorough and well-reasoned R & R, the court agrees, and finds independently, that Plaintiffs' motion to amend their complaint pursuant to Rule 15(a) should be granted. Moreover, the court also agrees that at this stage of the proceedings, no circumstances barring amendment, such as futility, undue delay, bad faith, dilatory motive, or undue prejudice, exist under a liberal application of Rule 15(a). The court notes that, although amendment may not be untimely at this stage of the proceedings, any future amendment may not receive similar treatment because partial summary judgment motions are now fully briefed.

There is no objection to, and the court finds no error in, Judge Scanlon's analysis with respect to the addition of North Carolina and Illinois state claims.[9] Nonetheless, the court will address the proposed amended claims under the Illinois Wage Protection Act ("IWPCA"). The court recognizes that the IWPCA does not "mirror" the FLSA and that the Named Plaintiffs are required to establish the existence of an agreement or a contract in order to prevail under the IWPCA, a requirement that does not exist under the FLSA.[10] 820 Ill.

---

[9] The R & R does not include in its analysis the Washington and Pennsylvania claims, as the defendant consented to amending the complaint to include those state claims.

[10] Although defendant did not raise jurisdictional grounds as a bar to amendment, the court notes that it is within its discretion to decline supplemental jurisdiction at a future time over the state individual and

Comp. Stat. § 115/2.  As the R & R correctly noted, the IWPCA

"does not establish a substantive right to payment of any

particular regular wages or overtime wage," and "mandates

payment of wages only to the extent the parties' contract or

employment agreement requires such payment."  *Hoffman v.*

*Roadlink Workforce Solutions, LLC*, No. 12-CV-7323, 2014 WL

3808938, at *4 (N.D. Ill. Aug. 1, 2014).

   As such, in their Motion to Amend, the Named

Plaintiffs argued that Ecolab's policy manual (the "Manual")

established an employment agreement, whereas Ecolab responded

that the Manual's disclaimer precluded the Manual from being an

---

class claims, either upon disposition of the FLSA claim or upon a finding
that the state claims meet any of the factors in 28 U.S.C. § 1367(c).  28
U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental
jurisdiction . . . if (1) the claim raises a novel or complex issue of State
law; (2) the claim substantially predominates over the claim or claims over
which the district court has original jurisdiction; (3) the district court
has dismissed all claims over which it has original jurisdiction; or (4) in
exceptional circumstances, there are other compelling reasons for declining
jurisdiction."); *see Lundy v. Catholic Health Sys. of Long Island Inc.*, 711
F.3d 106, 118 (2d Cir. 2013) (finding district court's decision to decline
supplemental jurisdiction over New York state law claims upon dismissal of
FLSA claims proper); *Anjum v. J.C. Penney Co.*, No. 13-CV-0460, 2014 WL
5090018, at *15 (E.D.N.Y. Oct. 9, 2014) (noting that "[i]n the ordinary
course, once the district court has dismissed FLSA claims, the balance of
factors governing the exercise of supplemental jurisdiction usually lead the
district court to decline jurisdiction over pendent state law claims"); *see
also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003), *as
amended* (Nov. 14, 2003) (finding that district court abused its discretion in
exercising supplemental jurisdiction over state law claims because of the
"inordinate size of the state-law class, the different terms of proof
required by the implied contract state-law claim, and the general federal
interest in opt-in wage actions suggest the federal [FLSA] action is an
appendage to the more comprehensive state action."); *Luciano v. Eastman Kodak
Co.*, No. 05-CV-6463, 2006 WL 1455477, at *5 (W.D.N.Y. May 25, 2006)
(declining to exercise supplemental jurisdiction over state law wage and
contract claims, with the exception of New York, because the 36 states' wage
and law claims raised complex, diverse issues of state law that would
substantially predominate over the FLSA claim).

agreement. (Pls. Mem. at 13; Def. Opp. at 10-11; Plaintiffs'
Reply Memorandum in Support of its Motion to Amend ("Pls. Reply
Mem.") at 7-8.) Specifically, the Manual, which applies to all
employees of Ecolab, expressly provides that the Manual "is not
intended to create an employment contract or a contract of any
kind." (Declaration of Shirley Lerner in Support of Defendant's
Opposition to Plaintiffs' Motion to Amend ("Lerner Decl.") Ex. B
at 1.) The Manual also provides that "[defendant] reserves its
right to apply and interpret these policies in its sole
discretion. The Company further reserves its right, in its sole
discretion, to revise, supplement, or rescind any portion of the
Policy from time to time, without notice. . . ." (*Id.*) The
language suggests that the Manual may not be construed as an
agreement and, in any event, if it were an agreement, Plaintiffs
have agreed that defendant is permitted to construe and
interpret its terms in its "sole discretion."

Defendant thus argues, (*see* Def. Opp. at 11), that the
Named Plaintiffs are unable to state a claim under the IWPCA,
because there is no agreement as required for the IWPCA to
apply, or, alternatively, if the Manual is an agreement as the
Named Plaintiffs contend, the Named Plaintiffs agreed that
defendant had the "sole discretion" to classify them as exempt.
The Manual provides that defendant may apply, interpret, revise
or rescind the policy at their "sole discretion." (Lerner Decl.

15

Ex. B at 1.)  Although defendant's argument regarding the inherent paradox in the Named Plaintiffs' proposed claim under the IWPCA may have merit, the court finds that it is too early in this stage of proceedings to reach a finding of futility as to the proposed IWPCA claims.

The court notes that the Manual also indicates that Ecolab "uses a variety of agreements, including agreements with confidentiality, non-competition, non-solicitation, trade secret and patent protection provisions" which are "a material condition of an employee's employment." (*Id.*)  The Manual further indicates that the "agreements must be completed and signed prior to or on the first day of employment in a position." (*Id.*)  The language of the Manual suggests that at least some, if not many or all, of its employees are required to sign some type of agreement as a "material condition" of employment.  Accordingly, the court agrees with Judge Scanlon's determination that dismissal of the IWPCA claims at this stage of the proceedings is premature as there are sufficient questions of material fact with regard to whether the Manual or other employment agreements exist to meet the requirements under the IWPCA.

ii.  *Relation Back*

The R & R properly analyzes relation back of amendments under Rule 15(c).  First, Rule 15(c) permits relation

back of an amendment to the original complaint, where "the amendment asserts a claim . . . that arose out of the same conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The R & R also properly analyzes relation back under Rule 15(c)(1)(C)(i) and (ii), which require that 15(c)(1)(B) is satisfied, and the amendment seeks to change a "party against whom a claim is asserted," and "the party to be brought in by amendment" received notice and "will not be prejudiced in defending on the merits," and "knew or should have known that the action would have been brought against it, but for a mistake concerning the party's proper identity."[11] Fed. R. Civ. P. 15(c)(1)(C); *see Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 128 (E.D.N.Y. 2014).

The Named Plaintiffs dedicate many pages of their objections to a re-hashing of their original arguments in support of their motion to amend and relate back their proposed new claims. (*See* Pls. Objs. 4-11.) Specifically, the Named Plaintiffs argue that defendant received sufficient notice of the proposed claims from the original complaint and defendant is

---

[11] Neither party objects to the R & R with respect to its outstanding analysis of relation back doctrines pursuant to Fed. R. Civ. P. 15(c)(1)(A) under Pennsylvania, Washington, Illinois and North Carolina state laws. Accordingly, this court finds no clear error and addresses the R & R's relation back analysis under the Federal Rules.

not prejudiced by the relation back of the new state claims.

(*Id.*)  To the extent the Named Plaintiffs "simply reiterate[ ]

the original arguments"  previously made before Magistrate Judge

Scanlon, the court has reviewed these findings for clear error

and finds none.  *Zaretsky,* 2012 WL 2345181, at *1.

> a.  <u>Relation Back Under Rule 15(c)(1)(B): Fair
>     Notice Requirement</u>[12]

The Named Plaintiffs argue that the R & R erroneously

concluded that defendant did not receive fair notice of the

proposed class claims for several reasons.  In support, the

Named Plaintiffs largely reiterate the arguments advanced in

their original submissions and do not identify any controlling

or overlooked legal authority suggesting that this court should

reach any findings or conclusions contrary to the R & R.

The Named Plaintiffs also argue for the first time in

their objections that the original complaint explicitly provided

notice by stating in its Prayer for Relief that plaintiffs

intended "to plead individual state law wage claims for

individuals who have joined this action." (Pls. Objs. at 9; *see*

ECF No. 1, Complaint ("Compl.") at 19.)  The court notes that it

is well-established in this district and circuit that a district

---

[12] Neither party objects to the R & R's application of Rule 15(c)(1)(C) to the addition of a party plaintiff, despite the clear language of the rule that applies to circumstances where the amendment "changes the party of the naming of the party *against* whom the claim is asserted." Fed. R. Civ. P. 15(c)(1)(C) The R & R's thoughtful analysis applying Rule 15(c)(1)(C) to amendments adding plaintiff's, based on the Advisory Committee notes and Second Circuit cases, is affirmed and adopted herein.

court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not. *See Pizarro v. Gomprecht*, No. 10-CV-4803, 2013 WL 990997, at *2 n.1 (E.D.N.Y. Mar. 13, 2013), *appeal dismissed* (July 18, 2013) (quoting *Chalasani v. Daines,* No. 10-CV-1978, 2011 WL 4465408, at *1 n. 3 (E.D.N.Y. Sept. 26, 2011)) ("Generally, courts do not consider such 'new arguments' or new evidence 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not' and the Court declines to do so."); *Illis v. Artus,* No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

In any event, the court is unpersuaded that the statement in the original complaint sufficiently put defendant on notice of potential state claims by individuals who had not yet been identified or opted into the collective action at the time the complaint was filed. The language of the complaint indicates that plaintiffs "reserve the right to plead *individual* state law wage claims for individuals who *have* joined this

action." (Compl. at 19 (emphasis added).)  The alleged "notice"
does not suggest that Plaintiffs would bring state class claims,
nor did this clause in the original complaint state law class
claims would be added for all future individual opt-in
plaintiffs from potentially every state.

    The Named Plaintiffs object to Judge Scanlon's
analysis and findings that the states' more generous statutes of
limitations and tolling differences between collective and class
actions expand potential plaintiff class sizes.  Specifically,
the Named Plaintiffs' argue that the proposed state claims'
statutes of limitations are "substantially the same" as the
FLSA.  (Pls. Objs. at 11.)  This court agrees that nearly all of
the proposed states' statutes of limitations of two or three
years are equal to or less than the statute of limitations of
two years, or three years upon on a finding of defendant's
willfulness, prescribed by the FLSA, with the exception of
Illinois which is ten years.[13]  *See* 29 U.S.C. § 255 ("Any action

---

[13] The statute of limitations is ten years under the Illinois Wage Protection
Collection Act and three years under the Illinois Minimum Wage Law.  *See* 735
Ill. Comp. Stat. § 5/13-206 (IWPCA); 820 Ill. Comp. Stat. 105/12(a) (IWML).
The statute of limitations is three years under both the Pennsylvania Wage
Payment and Collection Law and the Pennsylvania Minimum Wage Law Act. *See* 43
Pa. Cons. Stat. Ann. § 260.9a(g)(PWCL); *Cauci v. Prison Health Servs., Inc.*,
153 F. Supp. 2d 605, 610 (E.D. Pa. 2001) ("Courts in this district have
unanimously applied section 260.9a's three-year limitations period to claims
under the PMWA").  The statute of limitations is three years under the
Washington Minimum Wage Act and the Washington Industrial Welfare Act. *See
Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 837,
991 P.2d 1126, 1133 (2000) ("[T]he three-year statute of limitations of RCW
4.16.080(3) applies to WMWA claims."), *opinion corrected on denial of
reconsideration*, 1 P.3d 578 (2000); *Walsh v. Health Mgmt. Assocs., Inc.*, No.
11-CV-3125, 2012 WL 1424411, at *7 (E.D. Wash. Apr. 23, 2012) (noting three

. . . may be commenced after two years, . . . except that a cause of action arising out of a willful violation may be commenced within three years.") (*See also* R & R at 22 n.17.) The R & R, however, does not purport to state otherwise, and cites to Illinois as an example of a state statute of limitations that exceeds the FLSA. (R & R at 27.) Accordingly, the Named Plaintiffs' objection to the R & R's statute of limitations analysis does not provide a basis to deviate from the R & R's conclusions with respect to notice.

The court is also unpersuaded by the Named Plaintiffs' argument that Judge Scanlon's tolling analysis, with regard to lost FLSA claims and the relation back of new state law claims, was "incorrect factually and an invalid reason to deny relation back." (Pls. Objs. at 12.) The Named Plaintiffs do not support their objections to Judge Scanlon's tolling analysis with facts or controlling legal authority. Plaintiffs instead contend that defendant was on notice of the proposed state law claims based on their complaint's class description of "all Route Managers throughout the country for the period from September 9, 2009 through 'judgment.'" (*Id.* at 2.) The Named Plaintiffs' reliance on the parties' stipulated case management plan filed on February 21, 2013 irrelevant because the tolling provision in

year statute of limitations for violation under WIWA). The statute of limitations is two years under the North Carolina Wage-and-Hour Act. *See* N.C. Gen. Stat. Ann. § 95-25.22(f) ("Actions under this section must be brought within two years.").

the plan pertained only to the FLSA collective action.[14]  (ECF

No. 41, Motion to Adjourn Conference and Stipulated Case

Management Plan.)

In advancing their arguments with respect to statutes

of limitations and tolling, the Named Plaintiffs ignore the

R & R's solid analysis of relation back under Rule 15(c)(1)(B),

and its emphasis, consistent with Supreme Court guidance, on a

class action defendant's need for notice of the newly alleged

claims, the scope of its liability, and the identity and size of

the class members.  *See American Pipe & Construction v. Utah,*

414 U.S. 538, 554-55 (1974); *see also Cliff v. Payco Gen. Am.*

*Credits, Inc*., 363 F.3d 1113, 1132-33 (11th Cir. 2004).  Indeed,

the Named Plaintiffs erroneously argue that the "dramatic

difference in class size between an FLSA collective action clam

[*sic*] and Rule 23 class claims" is irrelevant."  (Pls. Reply at

3.)  This court respectfully denies the Named Plaintiffs'

objection and adopts the R & R's well-reasoned analysis of fair

notice, based on the rationale in *American Pipe*, which found

---

[14] The Named Plaintiffs rely on the parties' stipulated case management plan
filed on February 21, 2013 (ECF No. 41) and so-ordered on the same date,
memorializing defendant's agreement to toll the FLSA claims for the entire
class from February 21, 2013 "in return for the Named Plaintiffs' agreement
to litigate defendant's affirmative defenses before seeking conditional
certification and notice to the class of the opportunity to join the action."
(Pls. Objs. at 13.)  The Named Plaintiffs, however, ignore the fact that the
so-ordered stipulation between the parties was limited to "FLSA claims of
members of the putative FLSA collective," and does not extend to potential
state law class claims, and again ignores the fundamental difference between
the tolling of state class and FLSA collective claims.  (*See* ECF No. 41,
Motion to Adjourn Conference and Stipulated Case Management Plan.)

that fair notice should alert a defendant to "not only the substantive claims being brought against [defendant], but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *American Pipe,* 414 U.S. at 554-55 (1974); *see also Cliff*, 363 F.3d at 1132-33 (affirming district court's finding that plaintiff asserting class claims on behalf of Florida residents did not provide adequate notice to defendant of proposed claims on behalf of national class for purposes of relation back); *Senterfitt v. SunTrust Mortgage, Inc.*, 385 F. Supp. 2d 1377, 1380 (S.D. Ga. 2005) (finding that second amended complaint could not relate back because prior pleadings did not adequately put defendant on notice of a significantly larger class whose claims stretched twenty years into the past); *Anderson v. City of Wood Dale, IL*, No. 93-CV-425, 1995 WL 106318, at *3 (N.D. Il. March 9, 1995) (noting that, "[w]hile . . . an increase in potential liability is not sufficient prejudice to deny the relation back of new plaintiffs, a defendant is entitled to notice of the existence and involvement of new plaintiffs"). Further, the Named Plaintiffs' ignore the R & R's recognition that plaintiffs wishing to rely on relation back must bear some responsibility to define the scope of the action they are bringing, so that defendants may properly evaluate and respond to such claims. (R & R at 27.)

Moreover, as Judge Scanlon aptly noted, the inherent differences between state class opt-out procedures and FLSA collective action opt-in procedures, exacerbated by the possibility of different and lengthier statutes of limitations, such as under Illinois law, result in a significant expansion of a plaintiff class that was not contemplated by defendant. Potential members of a class action are parties to the litigation and toll the statute of limitations upon the filing of the class action is filed, unless they later opt out, but putative class members in a FLSA collective action become members and toll the statute of limitations only after they opt-in and file a consent to sue letter. *See American Pipe,* 414 U.S. at 554-55 (finding that filing of class action claim tolls the statute of limitations for all putative members of the class); *Hosking v. New World Mortgage, Inc*., 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009) (noting that in FLSA cases, the statute of limitations begins to run until individual plaintiffs "opt-in" to the case). Thus, under the Named Plaintiffs' relation back theory, tolling differences between class actions and FLSA collective actions would effectively permit putative members of the FLSA collective to resurrect their claims as state law overtime class members, despite the expiration of the statute of limitations on their federal claims.

In practical terms, as Judge Scanlon aptly noted in her R & R, plaintiffs would be "permitted to stop the clock on all state law wage-and-hour claims possibly brought against an employer in multiple states by filing a single FLSA collective action, as long as they were later able to identify plaintiffs in other states." (R & R at 28.) This result would be inherently unfair to a defendant that has not been afforded fair notice of these potential state claims. Accordingly, the court respectfully overrules the Named Plaintiffs' objections to the R & R's analysis and recommendations with regard to statutes of limitations and tolling.

The court also finds unavailing the Named Plaintiffs' argument that defendant received fair notice under Rule 15(c)(1)(B) because the state law classes were contemplated in the original complaint. The Named Plaintiffs argue that "all the members of the new state law overtime classes are members of the original FLSA class, and they raise the same claims... based on the same facts for the same claim period." (Pls. Objs. at 12.) The Named Plaintiffs also argue that standards in the state law claims are "substantially the same under the FLSA." (Pls. Objs. at 12.)

Judge Scanlon thoroughly and correctly addressed and rejected all of the Named Plaintiffs' arguments that the defendant had fair notice because the proposed state amendments

were contemplated in the original complaint, which alleged a
nationwide FLSA collective, and because the state claims largely
mirror the FLSA.  (R & R at 24-26, 28.)  Plaintiffs' conclusory
objection that defendant was on notice of the claims based on
the original complaint merely rehashes the same arguments made
to Judge Scanlon.  Thus, these portions of Judge Scanlon's R & R
may be reviewed for clear error.  *Gowanus Indus. Park, Inc. v.
Arthur H. Sulzer Associates, Inc.*, No. 06-CV-105, 2013 WL
1334164, at *3 (E.D.N.Y. Mar. 29, 2013) (citing *Caldarola v.
Town of Smithtown,* No. 09-CV-272, 2011 WL 1336574, at *1
(E.D.N.Y. Apr. 4, 2011)) ("[G]eneral or conclusory objections,
or objections which merely recite the same arguments presented
to the magistrate judge, are reviewed for clear error."
(internal quotation marks omitted)); *see also Zaretsky,* 2012 WL
2345181, at *1; *Soley,* 823 F. Supp. 2d at 228.

Nevertheless, even applying a *de novo* review, the
court concludes for the following reasons that the original
complaint failed to provide defendant with fair notice of the
proposed state law amendments.  In support of their arguments,
the Named Plaintiffs rely on cases previously cited in their
motion and cases and new cases that are non-binding and
inapposite to the present case, or involve relation back of

claims in materially different contexts.[15]  For example, in
*Higgins v. NYP Holdings, Inc.,* the court granted relation back
to an individual plaintiff seeking to add Family Medical Leave
Act ("FMLA") claims for interference, retaliation, and deficient
notice to his already pending action for similar violations
under New York State statutes.  836 F. Supp. 2d 182, 193
(S.D.N.Y. 2011).  In *Perkins v. S. New England Tel. Co.*, the
court permitted relation back as to claims raised by newly added
named plaintiffs, where the newly added plaintiffs were
asserting individual FLSA claims in a pending FLSA collective
action.  No. 07-CV-967, 2009 WL 3754097, at *6 (D. Conn. Nov. 4,
2009).

   Lastly, the Named Plaintiffs cite for the first time
in their objections *In re Am. Family Mut. Ins. Co. Overtime Pay
Litig.*, 638 F. Supp. 2d 1290, 1295 (D. Colo. 2009), a case which
Judge Scanlon discussed and declined to follow in her thorough
analysis because it focused on a question of supplemental
jurisdiction, rather than on fair notice as required in this
Circuit.  (R & R at 26 n.19 (noting that neither party cited *In
re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, analyzing the

---

[15] The Named Plaintiffs cite a number of cases in support of their objection
regarding fair notice, asserting that defendant received fair notice upon the
filing of the original complaint.  However, as defendant correctly observes,
many of the cases were cited in the original briefing and were already
distinguished or declined by Judge Scanlon.  (Def. Resp. at 10.)  Moreover,
Plaintiffs' newly cited cases involve facts that are materially different
from the circumstances presented in this case.  Defendant appropriately
distinguishes many of these newly cited cases in its Response at page 12,
footnote 8. (*Id.* at 12 n.8.)

case, and nevertheless finding it unpersuasive).) *See also Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999) ("Under Fed. R. Civ. P. 15(c), the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading.") (internal quotation marks and citation omitted); *In re Gilat Satellite Networks, Ltd.*, No. 02-CV-1510, 2005 WL 2277476, at *26 (E.D.N.Y. Sept. 19, 2005) (citing *In re Simon II Litig.,* 211 F.R.D. at 146) (noting that pertinent inquiry for relation back was "whether the defendants had adequate notice of the claims of the newly added plaintiffs and whether the late assertion of their claims would 'surprise and frustrate reasonable possibilities for a defense.'").  As such, the Named Plaintiffs fail to identify any legal authority indicating that a defendant has fair notice of potential out-of-state claims, when only a federal collective action involving a nationwide class has been pled.

        In addition, this court recognizes, as did the R & R, that existing FLSA claims and the proffered state law claims will be determined by many of the same underlying facts regarding the alleged wage-and-hour violations by defendant, and that many of the state wage-and-hour claims bear some resemblance to the FLSA.  The court, however, agrees with Judge

Scanlon's observation that the state law standards "vary such that a defendant facing multi-state claims must analyze its scope of liability under each state law separately" and independently of its analysis under the FLSA.  (R & R at 28.) The court further agrees with Judge Scanlon that the differences in state and federal law support a finding that defendant was not given fair notice, because "[i]t would be unfair to expect a defendant to engage in [review under every state law separately] before at least one employee from a state has stepped forward . . . and force[d] the defendant to consider its liability." (*Id.*)  As Judge Scanlon noted, "plaintiffs wishing to rely on relation back bear some responsibility to define the scope of the action they are bringing so that defendants may properly evaluate and respond to such claims."  (R & R at 27.)  Because the number and identities and the various state law classes subject to different statutory requirements were not identified in the original complaint, fair notice to defendant was lacking.

Indeed, under the Named Plaintiffs' theory, a national defendant should be on notice of potential class claims in any state it operated as soon as an FLSA collective action was filed, and before any representative plaintiffs were identified and joined the action.  This reasoning would defeat the purpose of Rule 15(c)'s notice requirement, if the filing of a single FLSA collective action automatically put a national defendant on

notice of any and all potentially related state class claims that may arise. *See, e.g., Cliff*, 363 F.3d at 1132-33 (denying relation back where original complaint alleging Florida class claim did not put defendant on notice of proposed nationwide class); *Midland Funding LLC v. Brent*, No. 08-CV-1434, 2010 WL 703066, at *3 (N.D. Ohio Feb. 22, 2010) (denying relation back where original complaint alleging Ohio class claim did not put defendant on notice of proposed nationwide class); *Feuerstack v. Weiner*, No. 12-CV-04253, 2013 WL 3949234, at *4 (D.N.J. July 30, 2013) (denying relation back where original complaint alleging New Jersey class claim did not put defendant on notice of proposed nationwide class). Thus, the court is unpersuaded that the original complaint afforded defendant fair notice of the proposed individual and representative state law claims that the original plaintiffs did not allege, and did not have standing to bring at the time the original complaint was filed.

This court finds the Named Plaintiffs' objections with regard to fair notice unpersuasive and respectfully overrules the objections to the R & R on these grounds. Accordingly, the R & R is adopted with respect to its findings and conclusions regarding fair notice and its denial of relation back under Rule 15(c)(1)(B).

b.  Relation Back Under Rule 15(c)(1)(C)

As an initial matter, because the court adopts Judge
Scanlon's R & R with respect to her findings and recommendations
regarding lack of fair notice, the court's analysis may end
here.  Failure to satisfy the notice requirement under Rule
15(c)(1)(B) warrants denial of relation back under Rule
15(c)(1)(C) because Rule 15(c)(1)(C)(i) requires that notice be
given "within the period provided by Rule(m)" or 120 days after
the filing of the complaint.  Fed. R. Civ. P. 15 (c)(1)(C)(i).
The Named Plaintiffs have failed to satisfy this requirement.
Nevertheless, the court will address the Named Plaintiffs'
objections to the R & R's determination that the Named
Plaintiffs failed to make a showing of "mistake" as required
under Rule 15(c)(1)(C).

The Named Plaintiffs contend that fair notice and lack
of undue prejudice are the only requirements pursuant to Rule
15(c)(1)(C) for a proposed amendment to add new plaintiffs and
relate their new claims back to the original pleading, and that
Judge Scanlon erred by requiring a showing of "mistake".  (Pls.
Objs. at 13-15.)  Judge Scanlon's well-reasoned R & R thoroughly
addresses whether Rule 15(c)(1)(C) applies to amendments seeking
to add plaintiffs, and recognizes that it is not well-settled
within the Second Circuit whether the mistake requirement of
Rule 15(c)(1)(C) applies to amendments seeking to add

plaintiffs.  Indeed, the R & R identifies numerous decisions by district courts in the Second Circuit that either apply or reject the mistake requirement, and ultimately concludes that Rule 15(C)(1)(C)'s mistake requirement also applies to amendments adding plaintiffs.  (R & R at 43-45 (citing cases).) Judge Scanlon's conclusion relied on Second Circuit precedent in which the mistake requirement was applied to amendments seeking to add plaintiffs.  (*Id*.)  The R & R further relied on the Advisory Committee's notes on Rule 15, which state that "the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."  Fed. R. Civ. P. 15 (Advisory Committee Notes to 1966 Amendment).

Thus, this court is unpersuaded by the Named Plaintiffs objections to the R & R on the grounds that Judge Scanlon "misapplied the law" when requiring the Named Plaintiffs to meet the Rule 15(c)(1)(C)(ii)'s mistake requirement.  Because there is no clear guidance in this Circuit on whether Rule 15(c)(1)(C)(ii)'s mistake requirement applies to amendments seeking to add plaintiffs, and indeed, because several district courts in this Circuit have required a showing of mistake in the context of newly added plaintiffs, (*see* R & R at 43-44), Judge Scanlon did not misapply the law.  The Named Plaintiffs do not

assert, much less demonstrate, that their failure to include the proposed plaintiffs in their original complaint was the result of mistake of identity.  As Judge Scanlon noted, "the Named Plaintiffs could have taken steps to promptly identify the Proposed Named Plaintiffs," but waited until April 15, 2014 to notify defendant of their motion to add new plaintiffs and claims.  (R & R at 47.)  Accordingly, the Named Plaintiffs' objection to the R & R is overruled and this court adopts Judge Scanlon's finding that a showing of mistake concerning the proper party's identity is required under Rule 15(c)(1)(C)(ii) with respect to the addition of plaintiffs, and also adopts the recommendation that relation back be denied because the Named Plaintiffs failed to meet the mistake requirement.

c.    Comity Grounds

The Named Plaintiffs argue that "[a]ny potential comity concerns are not a basis to deny relation back of the new Plaintiffs' claims."  (Pls. Objs. at 16; *see* R & R at 29.)  Defendant correctly argues that Judge Scanlon merely recited comity concerns as additional support of her ultimate determination that relation back was not appropriate pursuant to her Rule 15(c) analysis.  (Def. Resp. at 18.)  Indeed, Judge Scanlon did not base her recommendations on comity grounds and found that relation back was improper on the grounds that the conditions of Rule 15(c)(1)(A)-(C) were not satisfied.  Thus,

the court respectfully overrules the Named Plaintiffs'
objections to Judge Scanlon's reference to comity as additional
support for her recommendations under her Rule 15(c) analysis.

## CONCLUSION

Upon both clear error and *de* novo review of the record
and Judge Scanlon's well-reasoned and thorough Report and
Recommendation, the court adopts the Report and Recommendation
in all respects as the opinion of the court.  Accordingly, the
Named Plaintiffs' Motion to Amend is granted to the extent that
the claims are timely as of April 15, 2014.  The Named
Plaintiffs are directed to file an Amended Complaint consistent
with this Order and Judge Scanlon's R & R within fourteen (14)
days of this Order.

**SO ORDERED**

                          _____/s/_____
                          **Kiyo A. Matsumoto**
                          United States District Judge

Dated:  Brooklyn, New York
        March 27, 2015